J. COLEMAN QUEEN, DECEASED, ROXANNA HENSON QUEEN, DECEASED
    WIDOW OF J. COLEMAN QUEEN, AND W. N. HENSON, ADMINISTRATOR
    OF THE ESTATE OF ROXANNA HENSON QUEEN, v. THE CHAMPION
    FIBRE COMPANY, EMPLOYER, AND THE GLOBE INDEMNITY COM-
    PANY, CARRIER.

(Filed 29 June, 1932.)

Master and Servant F g—Upon death of claimant soon after award is
    made to her as sole dependent, her administrator is entitled to bal-
    ance thereof.

    Where compensation under the Workmen's Compensation Act is awarded
    the widow of the deceased employee as his sole dependent, and the widow
    dies within a few months after the award is made: *Held*, under a liberal
    interpretation of the relevant provisions of the Compensation Act the
    administrator of the widow is entitled to the balance of the award.

APPEAL by defendants from *Stack, J.,* at January Term, 1932, of HAYWOOD. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard and being heard at this the January Term, 1932, of Haywood Superior Court, before his Honor, A. M. Stack, judge presiding, upon the appeal of the Champion Fibre Company and the Globe Indemnity Company from the judgment rendered by the North Carolina Industrial Commission, the court finds the following facts:

That J. Coleman Queen was an employee of the Champion Fibre Company at Canton, N. C., and that he lost his life as an employee of the Champion Fibre Company while in the discharge of his duties as such employee. That thereafter Roxanna Henson Queen, his widow, was found by the Commission his sole dependent and was awarded compensation at the rate of $13.41 per week for a period of 350 weeks.

The court further finds as a fact, from the record and the admission of the parties, that the said J. Coleman Queen left surviving him his widow, Roxanna Henson Queen and several children, that the award and allowance was made to Roxanna Henson Queen. The court further finds as a fact that soon after the award, to wit: on 6 March, 1931, Roxanna Henson Queen, widow as aforesaid, died intestate in Haywood County, North Carolina.

The court further finds as a fact that W. M. Henson is the duly named and appointed administrator of the estate of Roxanna Henson Queen, deceased, and as such administrator has been made a party hereto in proper form.

The court further finds that on 10 July, 1931, this matter came on to be heard before the Hon. T. A. Wilson, one of the members of the North Carolina Industrial Commission, and that after hearing all the evidence in said case the said T. A. Wilson, Commissioner, found the facts and rendered judgment to the effect that W. M. Henson, administrator of Roxanna Henson Queen, deceased, was entitled to recover of the Champion Fibre Company and the Globe Indemnity Company, carrier, the weekly payments of $13.41 per week for the remainder of said period of 350 weeks.

The court further finds as a fact that on appeal from the said T. A. Wilson, Commissioner, said cause was heard before the North Carolina Industrial Commission, as a whole, and that on 29 October, 1931, the Industrial Commission rendered judgment adopting the findings of fact and conclusions of law as set forth in the opinion of the Hon. T. A. Wilson, Commissioner, and from the hearing before the full Commission, the defendants, Champion Fibre Company and Globe Indemnity Com-

pany appealed to this court, and after hearing the same and argument of counsel the court hereby adopts the findings of fact and conclusions of law as set forth in the opinion rendered by T. A. Wilson, Commissioner under date of 10 July, 1931, and further adopts the findings of fact and conclusions of law as set forth in the full Commission's report bearing date 29 October, 1931, and judgment is hereby rendered against the Champion Fibre Company and Globe Indemnity Company for the unpaid compensation under the agreement and judgment heretofore approved and rendered in this cause.

It is further considered, ordered and adjudged by the court, that the Champion Fibre Company and the Globe Indemnity Company pay the costs incurred on this appeal."

The defendants excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*Jones & Ward for plaintiff.*
*Heazel, Shuford & Hartshorn for defendants.*

CLARKSON, J. The question involved in this cause: Where an employee has lost his life in the course of his employment and thereafter an award has been made by the Industrial Commission to his widow, as his sole dependent, and within a few months after the award is made his widow died intestate, is her administrator entitled to the benefits of the award as made to her? We think so.

In construing the many statutes on this subject the decisions of the different states are conflicting. It seems that there is no straight line on the subject. In this State the following statutes have some bearing:

Section 40 of the Compensation Act reads as follows (chap. 120, Laws of 1929): "If the deceased employee leaves no dependents, the employer shall pay to the personal representative of the deceased, the commuted amount provided for under section 38 of this act, less the burial expenses which shall be deducted therefrom."

Section 40 above, of the original act was amended by the 1931 General Assembly by striking out all of said section and adding in lieu thereof, the following (chap. 274, sec. 5): "If the deceased employee leaves no dependents, the employer shall pay to the next of kin, as herein defined, the commuted amount provided for under section 38 of this act for whole dependents; but if the deceased left no next of kin, as herein defined then one-half of said commuted amount shall be paid to the Industrial Commission to be held and disbursed by it in the manner hereinafter provided; one-half of said commuted amount shall be retained by the Industrial Commission and the other one-half paid to the personal representative of the deceased, to be by him distributed to the next

of kin as defined in the statutes of distribution; but if there be no next of kin as defined in the statutes of distribution, then the personal representative shall pay the same to the Industrial Commission after payment of costs of administration," etc.

Section 38 of the original act, provides: ". . . that the employer shall pay . . . in one of the methods hereinafter provided, to the dependents of the employee wholly dependent upon his earnings for support, at the time of the accident, a weekly payment equal to sixty per centum of his average weekly wages, but not more than eighteen dollars nor less than seven dollars a week for a period of three hundred fifty weeks from the date of the injury," etc.

The insurance carrier received a premium to cover the liability in question. J. Coleman Queen, lost his life in the performance of duty and at the time an employee of the Champion Fibre Company. He left a widow, Roxanna Henson Queen, wholly dependent. The Industrial Commission fixed the award that she should be paid. The widow died a few months after the award had been made to her. Plaintiff administrator of Roxanna Henson Queen, claims the balance of the award. Giving a liberal construction to the act, we think the administrator is entitled to it. We can see no reason why the Globe Indemnity Company, defendant, the insurer, is interested in the matter. With knowledge of the law it took the premium to carry the liability. Suppose the widow died an hour after her husband, would it have been conscionable, for the insurance carrier that had received the premium, to pay no compensation? We think not. The carrier is not hurt in this particular situation, now presented. We do not pass upon the question that might arise in cases where there are several dependents and there is death among them after the award is made. The judgment below is

Affirmed.