ANDERSON-NELSON, Appellant, v. EVERIST, INC., et al, Respondents.

(276 N. W. 257)

(File No. 8095. Opinion filed December 14, 1937)

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellant.

*Bailey, Voorhees, Woods & Bottum,* of Sioux Falls, for Respondents.

POLLEY, J. This is a workman's compensation case. Plaintiff's husband, Otto Andersen, was killed as a result of an accident

while he was working in defendant's stone quarry in Dell Rapids on the 29th day of October, 1934. The circumstances at the time of the accident were such that plaintiff was entitled to compensation, and she filed her claim for such compensation with the Industrial Commissioner, but on the 31st day of December, 1934, and before an award had been made plaintiff remarried, and the Industrial Commissioner held that because of such marriage her right to compensation thereafter ceased; but awarded her benefits for the period between the 29th day of October and the 31st day of December. She petitioned the commissioner for review of the award, but this was denied. She then took an appeal from the order denying such review to the circuit court. The circuit court sustained the commissioner, and plaintiff brings the case to this court on appeal.

■■ We are met at the outset by motion to dismiss the appeal. The motion to dismiss is based on the alleged fact that the petition for review was not filed with the commissioner within the ten days allowed by law (chapter 305, Session Laws of 1925) for that purpose. Defendant claims that the order denying plaintiff's award was made and filed on the 14th day of September, 1935. The request for review was not made until the 27th day of September, more than ten days after the 14th. In support of this claim and of the motion to dismiss the appeal, defendants submit by way of affidavit matters not appearing in the record as made up and certified by the Industrial Commissioner. This court and the circuit court upon appeal must limit their consideration to the matters appearing in the record as made up by the commissioner. Wieber v. England et al., 52 S. D. 72, 216 N. W. 850. The settled record is before us for inspection. The order denying plaintiff's award in question as set forth in the record appears to have been signed on the 14th day of September, 1935, and bears a rubber filing stamp as follows: "South Dakota Industrial Department Filed September 14, 1935 J. T. McCullen Jr. Dep. Commissioner." It also appears therefrom that the original date was changed to the 19th day of September, and that the impression made by the rubber filing stamp was crossed off with pen and ink and another filing mark containing the date September 19, 1935, was attached. In addition to these matters, there appears in handwriting the

following endorsement: "Filing date September 19, 1935. J. T. McCullen Jr." The record further discloses the following language contained in the order of the commissioner dated the 13th day of March, 1936, denying the petition for review, as follows: "Said filing date being September 19, 1935." It thus appears that the record does not conclusively show that the order denying the award was filed prior to September 19th, and it follows that the motion to dismiss must be, and is hereby, denied.

 A consideration of the merits requires an interpretation of paragraph 7 of section 9458, R. C. 1919, and the said paragraph as amended by section 1 of chapter 363, Laws 1919. Paragraph 7 of section 9458, R. C. 1919, reads as follows: "Should any dependent of a deceased employe die or should the widow remarry, the right of such dependent or widow to compensation under this section ceases."

The language of this section is as broad as it can be, and makes any widow, regardless of any other condition, disqualified by remarriage to receive benefits thereafter under this section. But the Legislature of 1919, section 1, chapter 363, Laws of 1919, amended the paragraph above quoted so as to make it read as follows: "In case of remarriage *of a widow who has dependent children,* [italics ours] the unpaid balance of compensation, which would otherwise become due to her shall be paid to such children."

It will be noted that under the terms of the amendment it is only a "widow who has dependent children" whose remarriage affects her right to the award, unless the provision allowing the award is further modified by the clause, "which would otherwise become due to her." Defendants contend that this latter clause, "which would otherwise become due to her," refers back to the provision in paragraph 7 of section 9458, R. C. 1919, whereby, "should the widow remarry, the right of such dependent or widow to compensation under this section ceases." But this cannot be. The Legislature of 1919 rewrote this paragraph and substituted the clause, "In case of re-marriage of a widow who has dependent children, the unpaid balance of compensation, which would otherwise become due to her shall be paid to such children." After the adoption of this clause, the former clause found in section 9458 was repealed and of no further force or effect; in fact, it had no

further existence, and the clause, "which would otherwise become due to her," can refer only to "a widow who has dependent children." The clause, "which would otherwise become due to her," means the same as it would mean if it read: "In case of remarriage of a widow who has dependant children the unpaid balance that would be payable to her *but for the dependent children,* shall be paid to such children." The widow involved in this case has no dependent children; therefore, her remarriage in no manner affects her right to a continuation of benefits under the compensation law.

The cases cited by appellant and respondent in their briefs on this appeal involve statutes so different from our Compensation Law that they are of no assistance to us in the disposition of this case.

The judgment appealed from is reversed and the cause is remanded, with directions to the trial court to enter judgment for the plaintiff.

RUDOLPH, P. J., and WARREN and SMITH, JJ., concur.
ROBERTS, J., dissenting.