NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EDNA BRITTEN, PETITIONER, v. BENE BERGER,
RESPONDENT.

Decided April 10, 1940.

For the petitioner, *Irving Hupart* (by *Henry Harris*).

For the respondent, *Benjamin M. Weinberg*.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

From the evidence and stipulation of counsel, there is no doubt but that the intestate, Jack Britten, fell from the pantry window of Apartment 7, on the third floor of premises 333 Sussex avenue, Newark, New Jersey, on July 28th, 1939, while he was washing the said window. He died on July 29th, 1939, at the Newark City Hospital by reason of this fall. The Newark City Hospital has a bill of $4.50 for treatment rendered before his death. Petitioner, Edna Britten, was the wife of the intestate, Jack Britten. There was one son, Edwin Britten, born on April 26th, 1931, living with the petitioner and the intestate at the time of his death, and

therefore wholly dependent upon the intestate for support. Petitioner, Edna Britten, remarried on October 14th, 1939, and is now known as Edna Welch.

The main controversy in this case is as to whether the relationship between the intestate and the respondent at the date of the aforesaid accident was that of employer and employe, and whether the accident that caused the intestate's death arose out of and in the course of his employment.

It was admitted that there was a written contract (R-1) signed by the intestate and the respondent on June 14th, 1939. The agreement reads as follows:

"THIS AGREEMENT, made the 14th day of June in the year of our Lord One Thousand Nine Hundred and Thirty-nine.

BETWEEN, Bene Berger, of the City of Newark, New Jersey, party of the First part and JACK BRITTEN, of the City of Newark, New Jersey, party of the second part:

WITNESSETH, That the said party of the First part for and in consideration of the sum of One ($1.00) Dollar agrees as follows: To give the party of the second part the basement apartment at No. 333 Sussex Avenue, Newark, New Jersey, at a free rental together with the gas, heat and lights for the said apartment.

It is further agreed by the parties hereto that this agreement can be rescinded wherever either party so sees fit, by the giving of a ten day written notice to the other party, to that effect.

It is further agreed that the party of the first part is not to be held responsible for any injuries sustained by the parties of the second part, while working on said premises. The party of the second part agrees to render all the janitor and superintendent work at No. 333 Sussex Avenue, Newark, New Jersey, which consists of: taking care of both heaters; remove all ashes and garbage; do all hall cleaning; take care of all screens and awnings; and all other work necessary as janitor and superintendent of the aforesaid premises. The party of the second part shall not be deemed to do this work in the capacity of an employe of the party of the first part, but independently and at his own time.

IN WITNESS WHEREOF, the parties to these presents have hereunder set their hands and seals the day and year above written.

Witness:              BENE BERGER (signed)   (L. S.)

   LOUIS LERNER      JACK BRITTEN (signed)  (L. S.)

   (signed)"

It is contended by the respondent that this agreement places the parties on the relationship of landlord and tenant, rather than that of employer and employe. However, a reading of the said agreement indicates a hiring of the intestate by the respondent as janitor and superintendent for which services he was to get the free use of a basement apartment together with gas, heat and lights. The facts of the hiring and the relation of employer and employe were corroborated by the testimony of the petitioner.

It was stipulated that the reasonable value of the apartment together with the gas, heat and lights, was $25 per month, which would place it on the basis of $300 annually and would make the compensation rate of $5.77 per week.

The fact that there was no actual moneys paid out to the intestate does not change the status of the parties from that of employer and employe since it is both common knowledge and a prevailing custom that janitors and superintendents of apartment houses are compensated by being assigned an apartment for their personal use as well as in some instances an additional monetary allowance.

The respondent's contention that under the terms of the agreement the intestate was deemed to waive section 2 of the Workmen's Compensation act is likewise untenable. In the case of *John Hancock Insurance Co.* v. *Lieb,* 165 *Atl. Rep.* 720, the Supreme Court held that an agreement to waive the provisions of section 2 of the Workmen's Compensation act should be clear and unambiguous and that a notice seeking to withdraw the employe from his rights under the Workmen's Compensation act was too broad in its terms and therefore without any legal effect. The same holds true in the case *sub judice.*

From the facts produced before me, I find that the intestate

was in fact an employe of the respondent and that the intestate was subject to the control of Bene Berger, and was therefore not an independent contractor.

The last defense that the accident did not arise out of and in the course of the intestate's employment must likewise be resolved in favor of the petitioner. The petitioner was hired to do all work necessary "as janitor and superintendent." A janitor is defined in Bouvier's Law Dictionary as "A person employed to take charge of rooms, or buildings, to see that they are kept clean and in order, to lock and unlock them, and generally to care for them." In the instant case I find that the duties of the intestate were sufficiently broad to cover his washing of the windows of a vacant apartment in order to prepare it for use of the incoming tenants. There was testimony in this case that the incoming tenant, a Miss Crosby, requested that the apartment be cleaned before she moved into it. The condition upon which she rented same was that walls be painted and it be suitable for her occupancy. She was promised both by the intestate who rented the apartment to her and by the respondent that her request would be fully complied with. Upon inspection prior to her moving in, she found the windows dirty and requested same be cleaned. It was while complying with this request the accident occurred. I find that under such circumstances, the intestate's cleaning of the windows was within the scope of his employment by the respondent.

There was testimony that Miss Crosby gave the intestate fifty cents for cleaning the apartment. This, however, was termed both by Miss Crosby as well as by the petitioner as a mere tip or gratuity in appreciation for the intestate's work. The mere fact that this tenant desired to reward the intestate for his efforts as well as show her appreciation, did not in any way affect his employment or sever the relationship of master and servant.

In determining compensation rate payable in this case, since the wages were $5.77 per week, the actual wage will apply. The petitioner and her infant son are entitled to the full amount thereof. The compensation rate does not change because of the subsequent marriage of the petitioner.

It is, therefore, * * * ordered, that judgment be entered in favor of the petitioner and against the respondent.

\* \* \* \* \* \* \*

JOHN C. WEGNER,
*Deputy Commissioner.*