15482

SALLEY v. HAMILTON VENEER COMPANY

(23 S. E. (2d), 385)

*Messrs. Nelson, Mullins & Grier,* of Columbia, Counsel for Appellants,

*Mr. A. Russell McGowan* and *Mr. Irving Steinberg,* both of Charleston, Counsel for Respondent,

December 22, 1942.

The Opinion of the Court was delivered by Mr. Associate Justice Stukes:

Walter Johnson, deceased, was killed by accident which arose out of and in the course of his employment by Hamilton Veneer Company in 1938. His sole dependent was Alice Johnson, his widow, and there were and are no next of kin. Award was made to her of the minimum compensation under the Workmen's Compensation Law, $5.00 per week for three hundred and fifty weeks.

She died intestate in 1940, with future installments amounting to $1,105.00 unpaid. Respondent, her cousin, administered upon her estate and made claim against appellants, former employer and its insurance carrier, for the balance of the unpaid installments, which appellants resisted upon the ground that the award to the dependent widow created a personal right to receive it which was terminated by her death. However, the industrial commission and the Circuit Court on appeal held to the contrary, that the award to the widow constituted a vested interest which passed at her death, insofar as the unpaid installments are concerned, to her estate and respondent's claim was upheld, whereupon this appeal was taken to this Court.

Thus a narrow question is presented but it has been the source of varying adjudications in other jurisdictions and

it is novel here. The learned Circuit Judge said in his order that all of the decisions of other States which had come to his attention were contrary to his conclusion except *Queen v. Champion Fibre Co.*, 1932, 203 N. C., 94, 164 S. E., 752, which he chose to follow, concluding that compensation payable to a dependent is a vested right and passes upon such dependent's death to his or her estate. Incidentally, the opinion in that case was by the late, lamented Justice Heriot Clarkson, long a distinguished member of the North Carolina Supreme Court but proud of his South Carolina nativity.

However, numerous pertinent decisions of other Courts are found in annotations upon the subject in 15 A. L. R., 821, 24 A. L. R., 441, 29 A. L. R., 1426, 51 A. L. R., 1446, 87 A. L. R., 864, and 95 A. L. R., 254. These surveys of the cases indicate that the weight of authority is in accord with appellant's contention, that the death of the beneficiary terminated the award of compensation. But it has been held otherwise and a sample of the sound reasoning upon which such decisions are based is set out below, copied from 15 A. L. R., 826:

"Under the statutes of several of the states, however, the right to compensation is held to be a vested one.

"Thus an award of compensation from the state insurance fund, under the Ohio Workmen's Compensation Act, to a wholly dependent person, was held in *State ex rel. Munding v. Industrial Commission*, 1915, 92 Ohio St., 434, 111 N. E., 299, 300, L. R. A., 1916-D, 944, Ann. Cas., 1917-D, 1162, 13 N. C. C. A., 713, to vest in the dependent when the award was made; so that, in case of the death of such dependent, his or her personal representative was entitled to the balance, if any, remaining unpaid. The statute, with respect to injuries causing death, provided that if there were wholly dependent persons at the time of the death, the payments should be two-thirds of the average weekly wages, to continue for the remainder of the period between the date of the death and six years after the time of

the injury, subject to a certain maximum and minimum. The court said: "This paragraph of section 35 is practically conclusive of the case, as it has every element necessary to confer a vested right. A fixed amount is awarded to a definite person as a matter of right, with no language suggesting in any way an abatement of the award on the death of the person to whom it is made prior to the payment of the same in full, and we must hold that it speaks for itself, unless some other section or sections of the act condition or limit the right to this compensation. * * * The right to be compensated for an injury has no element of bounty or charity about it. * * * As we have before stated, the theory is that when an employe is injured or killed in course of his employment, a sum fixed by law is set off from the fund to compensate him for his injuries, of his dependents for his death, to compensate for taking away the man's right to earn a livelihood, which, but for the accident, he would have earned. A fixed sum goes out from the fund to compensate for the loss which has occurred. * * * Thus, the payments being fixed in amount, ordered paid from a certain fund, and awarded to a definite person, every element of a vested right is present, and no element or suggestion of a pension that is to cease at the death of the pensioner. The report of the investigating commission, as well as all of our compensation laws and reports, shows that the provision for periodical payments is solely for the benefit of the injured employee or dependents, for the reason that experience teaches that in a very great many cases a lump sum, if allowed, is dissipated, while small payments, on the other hand, are carefully husbanded. * * * The intent, apparent and expressed throughout the act, that compensation is to be paid only to dependents, was not for the purpose of securing an abatement of unpaid compensation upon the death of a dependent. * * * We hold that when the award is once made to a sole dependent, the right to the compensation vests, and once vested there can be no condi-

tion attached except as to the time of payment, and it is equally immaterial whether the dependent subsequently dies or becomes independent.' " (The logic of the foregoing is not lessened by the fact that it seems not to be now followed in Ohio.)

Naturally, conflicting decisions often turn upon the wording of the different compensation statutes; in some the point is expressly controlled, but apparently in the most of them the legislative intent must be determined from provisions not expressly in point, and therefore not controlling. Ours is such an Act and its intent in this particular must be drawn from other provisions, and we think it is reasonably clear from the express terms providing the destination of an award made on account of the compensable death of an employee who is without dependents or next of kin. Section 7035-43 of the Code of 1942 provides that in such event the commuted amount of the award shall be paid as therein directed. It would be unreasonable to hold that in case there be no dependents and no next of kin the employer or his insurance carrier should be required anyway to pay compensation and not be similarly required when there was a dependent, as in this case, who did not live out the prescribed period of installment payments, in the absence of express statutory provision. Thus we think the Circuit Court correctly held that the award was vested in the widow and upon her death the unpaid portion passed to her estate. Had there been no widow, other dependent or next of kin of the deceased employee, the award would nevertheless have been payable, as has been pointed out.

This express provision of our Act makes inapplicable to the present problem, arising under it, the reasons usually given by other Courts for contrary decisions, well set forth in the annotation in 87 A. L. R., beginning at page 864, which need not be here repeated.

As several times before said by this Court, relevant decisions of other Courts upon locally unsettled points are entitled to our careful consideration, which they receive, but they are, of course, not conclusive, and each instance of interpretation of our law must finally be of the words it contains and the evident legislative intent of the enactment.

Affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.