HILL *v.* CAHOON.

LILLIE HILL; MARY FOSTER CHRISTINE WIGGINS; MRS. ZANNER
    SHIVER; HAYWOOD PHILYAW; HARPER PHILYAW; GRACE
    PHILYAW PHILLIPS; EDITH JENKINS AND PEGGY PHILYAW,
    BY HER NEXT FRIEND, LILLIE HILL v. LOUISE J. CAHOON, ADMINIS-
    TRATRIX OF THE ESTATE OF THELMA PHILYAW JONES; FIDELITY
    & CASUALTY COMPANY OF NEW YORK; U. S. FIDELITY & GUAR-
    ANTY COMPANY.

(Filed 6 April, 1960.)

**1. Master and Servant §§ 76, 82—**

   While the Industrial Commission has jurisdiction to amend its award
in regard to persons entitled to receive compensation awarded by it,
it has no jurisdiction to enter a judgment in favor of a party to
recover compensation theretofore paid to another, but the Superior
Court has jurisdiction to determine conflicting claims of persons in
regard to compensation which has already been paid.

**2. Master and Servant § 76—**

   Where a widow has been properly awarded compensation as the sole
dependent of her deceased husband, her remarriage does not forfeit her
right to receive further installments.

**3. Same—**

   Where a widow properly awarded compensation as the sole dependent
of her deceased husband dies before all the installments of compensa-
tion have been paid, the commuted value of such future installments
is properly paid to her personal representative, and the next of kin of
the deceased employee, who are not dependents, are not entitled there-
to. G.S. 97-38(1).

APPEAL by plaintiffs from *Frizzelle, J.,* 12 October Term, 1959, of
LENOIR.

   This is a civil action instituted by the alleged heirs and next of kin
of one Woodrow Philyaw.

   The facts pertinent to an understanding and disposition of this ap-
peal are as follows:

   1. Woodrow Philyaw was formerly a resident and citizen of Lenoir
County, North Carolina, and while employed by the DuBose Con-
struction Company of Kinston was killed by accident on 10 June 1954.
The DuBose Construction Company and its insurance carrier, U. S.
Fidelity & Guaranty Company admitted liability under the provisions
of our Workmen's Compensation Act. Whereupon, the North Caro-
lina Industrial Commission (hereinafter called Commission) award-
ed compensation for the death of Woodrow Philyaw to his widow,
Thelma Philyaw, as his sole dependent (no children having been born
of the marriage).

2. Thelma Philyaw married David Rodolph Jones on 2 January 1957. She died thereafter on 10 April 1957.

3. The insurance carrier of the DuBose Construction Company paid the instalments pursuant to the award of the Commission to Thelma Philyaw until her death and thereafter paid the commuted balance of $2,440.13 to the administratrix of the estate of Thelma Philyaw Jones, the defendant Louise J. Cahoon. The defendant Fidelity & Casualty Company of New York executed the required bond for the administratrix of the estate of Thelma Philyaw Jones.

4. The administratrix of the estate of Thelma Philyaw Jones had in her hands, in cash, as of 9 February 1959, the sum of $2,198.58.

5. The plaintiffs seek to recover the sum of $2,198.58 from the administratrix and the difference between the above amount and the original sum of $2,440.13, paid to her by the insurance carrier of Du-Bose Construction Company, from the administratrix and her bonding company. They also seek to recover the sums paid to Thelma Philyaw Jones from the date of her marriage to David Rodolph Jones until her death, from the defendant U. S. Fidelity & Guaranty Company, the insurance carrier of the DuBose Construction Company, on the ground that, said payments were erroneously and illegally made after her remarriage; that upon her remarriage she ceased to be the widow of Woodrow Philyaw and that these plaintiffs are entitled to the balance due under the Commission's award after her remarriage on 2 January 1957.

The U. S. Fidelity & Guaranty Company demurred to the plaintiffs' complaint on several grounds, among them being (1) that it appears from the face of the complaint that the plaintiffs are seeking to recover from the defendants funds paid under the provisions of the Workmen's Compensation Act, and the Superior Court has no jurisdiction of the subject of said action, in that the Commission has exclusive original jurisdiction of all questions arising under the provisions of said Act; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) that there is a misjoinder of causes of action.

Louise J. Cahoon and Fidelity & Casualty Company of New York demurred to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action against these demurring defendants. Both demurrers were sustained, and the plaintiffs appeal, assigning error.

*Charles L. Abernethy, Jr., for plaintiff appellants.*

*Jones, Reed & Griffin for defendants Louise J. Cahoon and Fidelity & Casualty Company of New York, appellees.*

*Whitaker & Jeffress for defendant U. S. Fidelity & Casualty Company, appellee.*

DENNY, J.   The questions presented for determination on this appeal are: (1) Did the Superior Court have jurisdiction of the subject matter of this action? (2) Does a widow, upon her remarriage, forfeit her right to receive future compensation under an award of the Commission adjudging her to be the sole dependent and entitled to receive the full compensation awarded by reason of the death of her husband? (3) If a widow, who has been adjudged the sole dependent of her husband pursuant to the provisions of our Workmen's Compensation Act, dies before all the compensation awarded has been paid, is her estate entitled to the commuted balance or should such balance be paid to the next of kin of the deceased husband?

With respect to jurisdiction, it is clear that this action was instituted in the Superior Court by the plaintiffs to recover funds which they allege were erroneously and wrongfully paid by the defendant U. S. Fidelity & Guaranty Company, the insurance carrier of the DuBose Construction Company, to Thelma Philyaw Jones after her remarriage, and after her death the commuted balance of the compensation awarded to Louise J. Cahoon, the personal representative of the estate of Thelma Philyaw Jones.

In the case of *Green v. Briley,* 242 N.C. 196, 87 S.E. 2d 213, which was a proceeding before the Commission, evidence was admitted which clearly established the fact that the mother and brother of the deceased employee had knowingly and falsely testified in a previous hearing before the Commission that the deceased employee had never married and that he had no children. Evidence was further offered to the effect that his mother was partly dependent upon him. The insurance carrier of the employer paid the commuted value of the award to the mother of the deceased. The above proceeding was begun and thereafter heard before the Commission which found as a fact that the plaintiff, Fannie Ellis Green, was the wife of the deceased employee and awarded judgment in her favor against Hattie Green Young, the mother of the deceased employee. The Commission further found that the defendant employer and its insurance carrier had acted in good faith in paying the award of the Commission and that they were discharged from any further liability. G.S. 97-48 (c). On appeal to the Superior Court the rulings of the Commission were

affirmed. The plaintiff appealed to this Court. We approved the ruling of the court below. insofar as it relieved the defendants of further liability but set aside the judgment over against Hattie Green Young in favor of Fannie Green, the plaintiff. We held that it was beyond the jurisdictional power of the Commission to grant such relief; that plaintiff's right to pursue her remedies against Hattie Green Young, if so advised, was by independent action in the Superior Court. On authority of that decision, we hold that the Superior Court did have jurisdiction of the subject matter of this action.

On the second question posed, the weight of authority is to the effect that a widow, upon her remarriage, does not forfeit her right to receive compensation awarded her pursuant to a workmen's compensation act in the absence of a statutory provision to the contrary. *Hansen v. Brann & Stewart Co.,* 90 N.J.L. 444, 103 A. 696; *Adleman v. Ocean Accident & Guarantee Corp.,* 130 Md. 572, 101 A. 529, Ann. Cas. 1918B 730; *Andersen-Nelson v. L. G. Everist, Inc.,* 65 S.D. 568, 276 N.W. 257; *Britten v. Berger,* 18 N.J. Misc. 215, 12 A. 2d 875; 58 Am. Jur., Workmen's Compensation, section 187, page 701; Anno: 72 A.L.R. 1325; 99 C.J.S., Workmen's Compensation, section 147, page 511, *et seq.* Therefore, since there is no provision in our Workmen's Compensation Act contrary to the general rule in this respect, the answer to the second question posed must be answered in the negative.

On the third and final question presented, the workmen's compensation statutes of the different states differ so materially, no general rule has evolved with respect to survival of the right to compensation upon the death of the person entitled to the award. Anno: — Workmen's Compensation — Survival, 87 A.L.R. 864. Consequently, our decision must be determined by the construction of our own statutes bearing thereon.

G.S. 97-38 (1) of our Workmen's Compensation Act provides: "Persons wholly dependent for support upon the earnings of the deceased employee at the time of the accident shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons. If there be only one person wholly dependent, then that person shall receive the entire compensation payable."

G.S. 97-39 provides, among other things, the following: "The widow, or widower and all children of deceased employees shall be conclusively presumed to be dependents of deceased and shall be entitled to receive the benefits of this article *for the full period specified therein.*" (Emphasis added)

In *Queen v. Fibre Co.,* 203 N.C. 94, 164 S.E. 752, J. Coleman Queen,

an employee of the Champion Fibre Company at Canton, North Carolina, lost his life while in the discharge of his duties as such employee. Thereafter, Roxana Henson Queen, his widow, found by the Commission to be his sole dependent, was awarded compensation at the rate of $13.41 per week for a period of 350 weeks. The original record in this case reveals that after the widow had drawn 56 instalments pursuant to the award, she died on 6 March 1931. Her duly appointed administrator was made a party to the proceeding before the Commission, and the Commission held the administrator of the deceased widow was entitled to recover of the Champion Fibre Company and its insurance carrier the weekly payments for the remainder of the 350 weeks. An appeal was taken to the Superior Court, which court affirmed the order of the Commission. The defendants appealed to this Court. This Court held that, where an employee lost his life in the course of his employment and thereafter an award was made by the Commission to his widow, as his sole dependent, and thereafter the widow dies before all the weekly payments have been made, her administrator is entitled to collect the remaining unpaid benefits.

Likewise, in the case of *Inman v. Meares*, 247 N.C. 661, 101 S.E. 2d 692, Howard Inman, while in the discharge of his duties as an employee of the defendant, was temporarily totally disabled by reason of an injury from 18 October 1954 until 13 June 1955, at which time he returned to work for the defendant employer. This employee died on 17 June 1955 from causes not connected with his injuries. Claim had been filed with the Commission for compensation but no compensation had been awarded at the time of his death. The question was then raised as to whether or not his personal representative was entitled to collect the amount of the award entered thereafter. The Commission held that he was so entitled, and upon appeal to the Superior Court the ruling of the Commission was affirmed. Upon appeal to this Court we affirmed the ruling below.

Since our General Assembly has provided in G.S. 97-38 (1) that, "Persons wholly dependent for support upon the earnings of the deceased employee *at the time of the accident shall be entitled to receive the entire compensation*," and has not seen fit to place any limitation thereon by way of forfeiture if such beneficiary remarries or dies before the award is paid in full, we hold that the plaintiffs herein have alleged no cause of action against any of these defendants. (Emphasis added)

Therefore, the demurrers interposed in the court below were properly sustained.

Affirmed.