ELIZABETH GREENWOOD, INDIVIDUALLY AND AS EXEC-
UTRIX, *vs.* WILLIAM J. LUBY ET ALS.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

An employee's right to compensation under our Compensation Act
vests in him by operation of law as soon as his incapacity for the
statutory period exists, and it continues throughout the period
of incapacity subject to termination only upon his death.

If an award for incapacity has been made to him before his death,
the accrued portion of it remaining unpaid belongs to his estate;
if no award has been made, his vested right to compensation,
already accrued, survives to his estate under § 6177 of the General
·Statutes.

The employee in the present case suffered a total incapacity com-
mencing November 14th, 1925. On February 18th, 1926, he made
application for compensation, but his death intervened on April
14th, 1926, before his claim was heard. *Held* that his dependent
widow was entitled individually to an award for his death, and,
as executrix of his estate, for the compensation which had
accrued during the period of his incapacity.

An appeal from the finding and award of a compensation commis-
sioner must set forth the grounds or reasons of appeal.

Argued November 3d—decided December 16th, 1926.

APPEAL by the defendants from a finding and award
of the compensation commissioner for the third district
in favor of the plaintiff, taken to the Superior Court
in New Haven County and tried to the court, *Ells, J.;*
judgment rendered affirming the award in part and
overruling it in part, from which the plaintiff appealed.
*Error; judgment to be entered affirming the award of
the commissioner.*

George E. Beers and Denis T. O'Brien, Jr., for the
appellant (plaintiff).

Daniel L. O'Neill, with whom was James E. Murphy,
for the appellees (defendants).

WHEELER, C. J.   Samuel Greenwood suffered a total incapacity from pneumoconiosis from November 14th, 1925, until his death on April 14th, 1926; between these dates pulmonary tuberculosis developed in him because of the weakened resistance caused by the pneumoconiosis and he died as a result of the pneumoconiosis.   His incapacity and death arose out of and in the course of his employment by the respondent.   On February 18th, 1926, this employee made application for compensation to the commissioner for the third district and a date for a hearing was fixed for March 11th, 1926, and continued to March 30th, 1926.   The employee-claimant died before his application was heard.   On April 30th, 1926, the parties hereto, Mrs. Greenwood as executrix, and individually as the dependent widow of the deceased claimant, agreed that "the claims for incapacity and for death" might be heard together on April 30th, 1926, any informality as to notice being waived.   Subsequently, on May 8th, 1926, the commissioner awarded compensation in favor of the dependent widow for the death, and from its date, and in favor of the executrix of the deceased claimant for the period of incapacity from November 14th, 1925, to April 14th, 1926.

The respondent-employer took his appeal from this award to the Superior Court, and that court affirmed the award to the dependent widow, and overruled the award to the executrix for compensation for incapacity and sustained the appeal therefrom.   The executrix appealed from that part of the judgment of the Superior Court overruling the award made by the commissioner to the executrix.

The immediate question raised upon this appeal is the right of the commissioner to award compensation for incapacity, where application therefor is made in the lifetime of the employee but his death follows be-

fore the award is made. The answer to this question will be found in ascertaining the relation of the claimant to compensation for his incapacity in the period prior to his death. In *Jackson* v. *Berlin Construction Co.,* 93 Conn. 155, 157, 105 Atl. 326, we describe the relation under the Compensation Act of the employee to compensation which is paid to him for his incapacity, or which has accrued but is unpaid, in these words: "It [the compensation] is paid to him because the statute intends to provide support for him during his period of incapacity. Whatever is paid him belongs to him. Whatever of compensation accrues in his lifetime and is unpaid becomes upon his decease an asset of his estate." Again we say, in *Biederzycki* v. *Farrel Foundry & Machine Co.,* 103 Conn. 701, at page 705: "The compensation awarded to the living employee is payable to and belongs to him." In *Bassett* v. *Stratford Lumber Co., ante,* pp. 297, 301, 135 Atl. 574, we say: "These provisions of the Compensation Act very plainly indicate the legislative intention to confine the employee's interest to such part of the award as has accrued within his lifetime."

The Act thus vests in the employee the right to an award for the compensation provided by the Act for him. The right arises by operation of law as soon as the incapacity for the statutory period exists and it continues during the incapacity of the employee and only ends with his decease. If the award has been made, the accrued portion of it remaining unpaid belongs to his estate in accordance with the decisions quoted. If the right to compensation has accrued it belongs to the employee, his right to it survives to his estate under General Statutes, § 6177, which provides: "No cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such

deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent."

The prosecution of a claim for compensation for incapacity is a proceeding under this statute. The right to the compensation which has accrued vests as it accrues in the employee and survives as in the case of every contract action. In *Mesite* v. *International Silver Co.,* 104 Conn. 724, 134 Atl. 264, the judgment provided that the respondent pay an award for the period of incapacity preceding death to the proper representative of the estate of the deceased employee, and no appeal was taken from this part of the judgment. In Massachusetts, *Burns' Case,* 218 Mass. 8, 105 N. E. 601, and *Murphy's Case,* 224 Mass. 592, 113 N. E. 283, establish the proposition that compensation may be awarded after the decease of an employee for incapacity during the period preceding his decease, and that it makes no difference whether the award be made in his lifetime or after his decease.

The trial court based its decision upon the theory that the intent of the Compensation Act is to provide compensation to the workman and upon his decease to his dependents. And that if the estate of the workman received the compensation for his incapacity which had accrued before his decease, this would enrich his estate, and perhaps strangers, instead of benefiting his dependents, and so defeat a primary purpose of the Act. This is an erroneous application of the true theory of our Compensation Act. The compensation accrued before the workman deceased, his right to it had vested, hence it survived to his estate. Had he collected it, it would have been his in lieu of the wages which, but for his incapacity, he would have received. It is possible that the accrued compensation constitut-

ing this award may go to the relatives of the deceased workman who were not his dependents, but it is far more probable that it will help meet the expenses which his incapacity and his illness preceding his decease have entailed.

The appeal from the finding and award of the commissioner was defective in that it failed to set forth the grounds or reasons of the appeal.

There is error; that part of the judgment overruling the award of the commissioner to the executrix and sustaining the appeal therefrom is set aside and the Superior Court is directed to enter its judgment dismissing the appeal from the commissioner *in toto*.

In this opinion the other judges concurred.