ANNA GRATZ, Administratrix, *v.* BETHLEHEM
STEEL COMPANY.
[No. 99, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins,
Offutt, Parke, and Sloan, JJ.

*Charles T. Leviness, 3rd,* with whom was *Hall Hammond*
on the brief, for the appellant.

*George Weems Williams, Boyd B. Graham* and *Marbury,
Gosnell & Williams,* submitting on brief, for the appellee.

34

URNER, J., delivered the opinion of the Court.

For an accidental injury received by Steve Gratz, on April 24th, 1929, in the course of his employment by the Bethlehem Steel Company, he was awarded compensation by the State Industrial Accident Commission. The injury required the amputation of the employee's right leg, and the order of the Commission provided that he be paid eighteen dollars per week during the period of his resulting temporary total disability and, in addition, eighteen dollars per week for permanent partial disability; the latter payments to begin when his temporary total disability ended. On August 10th, 1929, Gratz died in consequence of the injury for which he was being compensated. His total disability had continued uninterruptedly to the time of his death, and the specified compensation for such disability was paid to that time. Thereafter his dependent widow claimed, and was awarded by the Commission, under the provisions of the Workmen's Compensation Law, payments at the rate of eighteen dollars per week for a period of 277 and a fraction weeks, as compensation for the loss of her husband's support, and a sum not exceeding $125 for the expenses of his funeral. The employer and insurer, while duly complying with that order, applied to the Commission for the rescission of the award which had been made for permanent partial disability on the assumption that the total disability would be temporary. The widow of the deceased employee, in the capacity of administratrix of his estate, opposed the employer's application, and claimed that she was entitled to receive the weekly payments directed to be made for permanent partial disability, while collecting also individually, as her husband's dependent, the compensation for his death which the Commission had awarded. From an order of the Commission rescinding the award for permanent partial disability, the administratrix appealed to the Baltimore City Court, and from its judgment affirming the Commission's order her appeal to this court was entered.

The appellant's claim as administratrix to the compensation awarded her husband for permanent partial disability is

based upon a provision in the subsection of the Workmen's Compensation Law relating to partially disabling injuries, as follows: "If an employee dies, the right to any compensation payable under this subsection, unpaid at the date of his death, shall survive to and vest in his personal representatives." Code, art. 101, sec. 36, subsec. (3). It is argued that the order of the Commission making the award established a right in the injured employee in his lifetime, which could not be affected by an order passed after his death, and which the administratrix of his estate may, therefore, successfully assert. This contention attributes to the original order a purpose and finality not supported by the record or the law. Payments of compensation for permanent partial disability were ordered to begin when the employee's temporary total incapacity came to an end. That period never arrived in the employee's lifetime, because his injury proved to be fatal while he was still wholly disabled. While the death from the injury created a statutory right in the appellant as a dependent to compensation for such a misfortune, it also prevented the operation of that part of the Commission's previous order which was contingent upon the injured man's recovery from the total disability then existing. If the appellant's husband had continued to live, he could not have been entitled to compensation for total and partial disability at the same time. Compensation for permanent partial disability cannot be directed to be paid concurrently but only "consecutively with" that provided for temporary total disability caused by the injury. Code, art. 101, sec. 36, subsec. (3). Total disability, during its continuance, comprehends disabilities which are only partial in their effect. The first order of the Commission applied that clearly indicated theory of the law. The death of the employee, while still totally disabled by the accident, having demonstrated that the anticipated condition in reference to which the Commission had made the secondary award would never exist, it passed the revising order in accordance with that fact.

The Workmen's Compensation Law contains the following provision: "The powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modifications or change with respect to former findings or orders with respect thereto as in its opinion may be justified." Code, art. 101, sec. 54. The Commission had ample authority under that provision to rescind so much of its award as had been based upon the mistaken belief that the injury was not fatal, but that the total disability resulting from it would be temporary.

There is no provision in the Workmen's Compensation Law which would require or justify the imposition, upon the employer and insurer, of the double burden of paying death benefits and also permanent partial disability compensation, under the conditions presented by this record, and the decisions of this court cited by the appellant give no support to such a contention. Those cases are *Adleman v. Ocean Accident & Guar. Corp.*, 130 Md. 572, 101 A. 529; *State Accident Fund v. Jacobs' Admr.*, 140 Md. 622, 118 A. 159; *Maryland Cas. Co. v. Elec. Mfg. Co.*, 145 Md. 644, 125 A. 762; *Sea Gull Specialty Co. v. Snyder*, 151 Md. 78, 134 A. 133; and *Cambridge Mfg. Co. v. Johnson*, 160 Md. 248, 153 A. 283. They are all readily distinguishable in fact and principle from the case now under decision.

*Judgment affirmed, with costs.*