ANTIMO RUSSO, PROSECUTOR, v. WRIGHT AERONAUTICAL CORPORATION, RESPONDENT.

Argued May 5, 1948—Decided July 15, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Isadore Rabinowitz & Nathan Rabinowitz.*

For the respondent, *John W. Taylor.*

The opinion of the court was delivered by

BODINE, J. In the Workmen's Compensation Bureau, the prosecutor and his widow had judgment for injuries suffered by him arising out of and in the course of his employment, and suffered by her by reason of his death as a result of the accident

Antimo Russo, the workman, had been employed only after a thorough physical examination. He was then a man twenty-eight years of age, weighing about 200 pounds and, so far as was known, enjoying good health.

His duty was to pack airplane engines. While working at the defendant's plant, he suffered a serious wrenching of his body when the dolly, on which he was pushing a plane engine, struck a crevice in the ffoor and he was thrown backwards. After the occurrence he did some work at the plant, but not steadily, until May 27th. From then until May 16th, 1946, the date of his death, the testimony indicates a history of suffering, hospitalization, surgery and X-ray treatments.

The formal petition was filed November 30th, 1943. The accident occurred in May of 1943. In the course of the trial, the proofs indicated that the accident caused an aggravation of a previous cancerous condition from which the man died.

The Workmen's Compensation Bureau permitted an amendment, and it is claimed that this was error and the basis of the claim is *Gurzo* v. *American Smelting and Refining Co.,* 132 *N. J. L.* 485. We think not. The pleader in the Bureau is not held to the strict rules of the common law. *Prino* v. *Austin Co.,* 120 *Id.* 19.

The only other question in the case is whether the medical testimony sustained the findings of the Bureau. From a very careful examination of that testimony, we are constrained to find that the proofs clearly show that the injuries

and death were caused as found. Suffice it that the proofs clearly show that the end results could have been caused as testified to by the medical witnesses called in behalf of the claimant.

Shortly analyzing the medical testimony, it might be noted that Dr. Bender, who performed an operation for the workman, felt that the cancerous condition could have been aggravated by the accident described by Russo.

A Dr. Davis felt that the injury could have hastened the growth of the tumor.

Dr. Kleiner felt that the accident could be a contributing factor in accelerating or aggravating a pre-existing condition.

Dr. William J. Hoffman, called for the defendant, made two examinations of the workman. His post-operative examination revealed to him no traumatic injury. In short, he felt that the growth of the tumor was too slow if there had been any traumatic injury to a pre-existing cancer. It is significant, however, that he said that there are wide variations in the behavior of the disease.

Dr. Kim, a physician called in rebuttal, felt that the traumatic injury as described by the workman could have accelerated the disease.

It is perfectly well known that at present there can be no exact knowledge as to the progress of disease in different individuals. The employer takes the workman in the state of health in which he is. If an injury occurs to him as the result of an accident arising out of and in the course of the employment, there is liability.

Our finding of fact is that the petitioner sustained by the weight of credible proof the requisites for recovery.

The judgment of the Court of Common Pleas will be reversed and the judgment of the Bureau will be affirmed, with costs.

Mr. Justice Heher does not agree with the conclusions expressed above.