THELMA INMAN, WIDOW OF HOWARD INMAN, DECEASED, v. L. A. MEARES T/A WHOLESALE DISTRIBUTORS, AND ST. PAUL MERCURY INDEMNITY COMPANY.

(Filed 31 January, 1958.)

1. **Abatement and Revival § 11: Master and Servant § 53b(1)—** .

   An employee filed claim for total temporary disability under G.S. 97-29. Some months thereafter he recovered from his disabling injury and returned to his employment, and was fatally injured in a compensable accident unconnected with the prior claim. *Held:* The claim for disability does not come within the proviso of G.S. 97-37, and the right to payments accrued at the time of the employee's death had vested and survives to his personal representative. The personal representative and not the widow must prosecute such claim.

2. **Appeal and Error § 41: Master and Servant § 55d—**

   Where excluded documentary evidence is not a part of the record or before the court upon appeal from an award of the Industrial Commission, the court cannot find that the exclusion of such evidence was prejudicial.

APPEAL by defendants from *Mallard, J.,* at September Civil Term, 1957, of COLUMBUS.

Proceeding under Workmen's Compensation Act to determine liability of defendants on claim filed by Howard Inman, now deceased, for temporary total disability.

The jurisdictional facts are not disputed, and it was stipulated that Howard Inman on 18 October, 1954, was regularly employed by the defendant employer, and on that date sustained an injury by accident arising out of and in the course of his employment when he fell from a ladder, injuring his knee. Claim was filed by the employee, Howard Inman. However, he died 17 June, 1955, before the claim was heard. It was prosecuted thereafter by his widow.

These are among the facts found by the hearing Commissioner:

"2. That Howard Inman was temporarily totally disabled by reason of his injury from October 18, 1954, to June 13, 1955, at which time he returned to work for the defendant employer.

"3. That Howard Inman, the original plaintiff in this action, is now deceased, he having died on June 17, 1955, from causes disassociated with his injury in this case."

The hearing Commissioner concluded that Howard Inman as of the date of his death was due compensation at the rate of $30.00 per week from 18 October, 1954, to 13 June, 1955, for temporary total disability under the provisions of G.S. 97-29, and that such "compensation is therefore due and payable to his administratrix to be by her disbursed as provided by the Statutes of Distribution." An award was made in accordance with the foregoing conclusion. The defendants appealed to the Full Commission.

Pending the appeal, the death claim resulting from Howard Inman's injury of 15 June, 1955, was heard by a deputy Commissioner, who filed an opinion finding that Inman's death was compensable under the Workmen's Compensation Act. An award was entered 29 October, 1956, ordering payment of compensation to his widow and dependent children. No appeal was taken from this award, and payment under it was begun and has continued.

The defendants' exceptions in respect to the instant disability claim were overruled on appeal to the Full Commission, and the findings, conclusions, and award of the hearing Commissioner were affirmed.

From this decision, the defendants appealed to the Superior Court, where all their exceptions were overruled and the award was affirmed. From this latter ruling, the defendants appeal to this Court.

*Poisson, Campbell & Marshall for defendants, appellants.*
*J. Bruce Eure for plaintiff, appellee.*

JOHNSON, J. The determinative question presented for decision is this: Was the employee's right to compensation for temporary total disability under G.S. 97-29 a vested right which, upon his death from another accident found by the Industrial Commission to be compensable under G.S. 97-38, survived and became collectible by his personal representative?

We have no decision of this Court precisely decisive of the question. But by the weight of authority in other jurisdictions it is generally held that a claim for compensation which has accrued, but is unpaid, at the time of the death of the employee constitutes an asset of his estate, in the absence of any provision to the contrary. *Greenwood v. Luby,* 105 Conn. 398, 135 A. 578, 51 A.L.R. 1443; *Heuchert v. State Industrial Acc. Commission,* 168 Ore. 74, 121 P. 2d 453; *Western Indemnity Co. v. State In-*

*dustrial Comm.* 96 Okla. 100, 219 P. 147; *Roney v. Griffith Piano Co.,* 4 N.J. 31, 131 A. 686; *Parker v. Industrial Comm.* 87 Utah 468, 50 P. 2d 278. See also: 58 Am. Jur., Workmen's Compensation, Sec. 578; Annotations: 15 A.L.R. 821; 24 A.L.R. 441; 29 A.L.R. 1426; 51 A.L.R. 1446; 87 A.L.R. 864; 95 A.L.R. 254.

In *Greenwood v. Luby, supra,* the claim was for disability for a period immediately prior to the employee's death. There, as in the instant case, the employee had filed claim for compensation but died before the claim was determined. Thus, in the Greenwood case, as here, the question presented for decision was whether the accrued right to an award for compensation survived where application therefor had been made in the lifetime of the employee but death followed before the award was made. We quote from the Greenwood case: "In *Jackson v. Berlin Constr. Co.,* 93 Conn. 155, 157, 105 Atl. 326, we describe the relation, . . . of the employee to compensation which is paid to him for his incapacity, or which has accrued but is unpaid in these words: 'It (the compensation) is paid to him because the statute intends to provide support for him during his period of incapacity. Whatever is paid him belongs to him. Whatever of compensation accrues in his lifetime and is unpaid becomes upon his decease an asset of his estate.' . . .

"The act thus vests in the employee the right to an award for the compensation provided by the act for him. The right arises by operation of law as soon as the incapacity for the statutory period exists, and it continues during the incapacity of the employee and only ends with his decease. If the award has been made, the accrued portion of it remaining unpaid belongs to his estate in accordance with the decisions quoted. If the right to compensation has accrued, it belongs to the employee, and his right to it survives to his estate, under General Statutes, Sec. 6177, which provides: 'No cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent.' . . .

". . . The compensation accrued before the workman deceased, his right to it had vested, hence it survived to his estate."

In *Roney v. Griffith Piano Co., supra,* the employee died before an award was finally made. Held: "It seems that no compensation has been paid in this case, and it is urged by respondent appellant that, as the petitioner has died there is now no person to whom any compensation is properly payable. The authorities cited in support of this view do not sustain that contention. On the contrary, the law is settled that the personal representative

of the deceased is entitled to the compensation which had accrued up to the date of death of the petitioner."

In *Parker v. Industrial Comm., supra,* the employee was awarded compensation for an injury. Before any payments were made the employee died. The question for decision was whether the administratrix was entitled to the accrued payments. Held: "The payment of compensation is, in a sense, a disability wage, and is earned by operation of law. The conditions making it payable all pertaining, the employee is entitled to it just as much as he is entitled to wages earned by contract. As disability payments are 'earned,' they become vested, and if the employee dies before they are paid, his estate is entitled to them."

In *Heuchert v. State Industrial Acc. Commission, supra,* there was an award to the injured employee and the defendant appealed. The employee died before the appeal was heard and the personal representative was substituted. The question for decision was whether the claim survived to the employee's estate. Held: "The question here involved has been decided in a number of sister jurisdictions wherein it has been held that recovery may be had by the personal representative upon installments accruing during the life of the original claimant. . . . We think that the better reasoning and the weight of authority support the rule as above stated, namely: that unpaid installments accruing before the death of the employee thereafter may be recovered by the employee's personal representative. For that reason we have entered the order of substitution as requested by the administratrix of the estate of the original plaintiff. . . . The overwhelming weight of authority is to the effect that, in case of the employee's death from a cause disassociated from the injury sustained in the accident upon which such employee's claim is based, his personal representative may recover only the installments accruing while the employee was living. . . . The judgment of the circuit court is affirmed as effective in the substituted plaintiff's favor to the extent only of the installments accruing under the award while the original plaintiff, . . . was alive."

There is no provision in our Workmen's Compensation Act which takes the instant claim out of the general rule. True, G.S. 97-37, which provides that when an employee is entitled to compensation under G.S. 97-31 and dies from any other cause than the injury for which he was entitled to compensation, the right to collect any unpaid balance survives, but is subject to the proviso that there shall be no survival of the right to any unpaid compensation where death is due to a cause which is compensable under the Act and the dependents of the deceased are awarded death benefits. But here the challenged award was made

under G.S. 97-29, and this section is not subject to the limitation imposed by the proviso of G.S. 97-37. Here the employee had recovered from his disabling injury and had returned to work. His right to compensation had fully accrued at the time of his death. His claim, filed as it was before his death, rested on a vested right of recovery. This being so, the claim survived to his personal representative under the provisions of G.S. 28-172. This statute provides:

> "Action survives to and against representative.—Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate."

Decision here reached is not at variance with the decision in *Butts v. Montague,* 204 N.C. 389, 168 S.E. 215, cited by the defendants. *Cf. Queen v. Fibre Co.,* 203 N.C. 94, 164 S.E. 752.

The defendants' third assignment of error relates to the ruling of the hearing Commissioner in excluding certain Federal tax returns of the defendant employer. The excluded returns not being a part of the record or before the court, Judge Mallard correctly ruled that the court could not "find that the exclusion" of the returns "was prejudical to the defendants." *In re Smith's Will,* 163 N.C. 464, 79 S.E. 977; *Fulwood v. Fulwood,* 161 N.C. 601, 77 S.E. 763.

It necessarily follows from what we have said that the award in favor of the estate of the deceased employee will be upheld. However, it is noted that the claim is being prosecuted in the name of Thelma Inman, widow. This being so, payment of the award will be held in abeyance until the widow, or some proper person, is appointed and qualifies as personal representative and is substituted as plaintiff-claimant herein. Therefore, the cause will be remanded to the Superior Court and from that court to the Industrial Commission, to the end that a duly qualified and acting personal representative of the deceased Howard Inman may be substituted as plaintiff-claimant. When this is done, let the award heretofore made by the Industrial Commission be paid to the personal representative.

Remanded.