71 N.J. Super. 249 (1962)
176 A.2d 799
VERA CURETON, ADMINISTRATRIX OF THE ESTATE OF JOHN ROBINSON, DECEASED, PETITIONER-APPELLANT,
v.
JOMA PLUMBING & HEATING CO., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1961.
Decided January 10, 1962.
*250 Before Judges GAULKIN, KILKENNY and HERBERT.
Mr. Leonard J. Felzenberg argued the cause for appellant (Messrs. Roskein, Kronisch, Felzenberg & Mandell, attorneys).
Mr. Joseph T. Ryan argued the cause for respondent (Messrs. Lamb, Langan & Blake, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
The Division of Workmen's Compensation and the Essex County Court, on appeal, concurred *251 in dismissing the claim petition filed by John Robinson in his lifetime for temporary and permanent disability resulting from a work-connected injury. The sole ground of dismissal was that Robinson had died without dependents from a cause unrelated to his injury before his case had been heard in the Division and an award made.
Except for the percentage of Robinson's permanent disability, the facts are not in dispute. Robinson, a plumber's helper employed by respondent at a weekly salary of $55, suffered a back injury on May 30, 1959 in an accident arising out of and during the course of his employment. He received temporary disability payments to June 29, 1959, when he returned to work. He filed his workmen's compensation claim petition on July 28, 1959. Prior to the pretrial held on November 23, 1959, Robinson was examined by Dr. Philip Willner, his physician, who estimated permanent disability at 10% of total. Dr. Jack Siegel examined him on behalf of respondent and estimated the permanent disability at 2 1/2% of total. Before the amount of permanent disability was determined at a hearing, Robinson died on January 4, 1960 from a noncompensable cause.
It is conceded that decedent was not survived by any dependents within the meaning of N.J.S.A. 34:15-13(g). His surviving next of kin were two sisters, one of whom, Vera Cureton, filed an affidavit with the Essex County Surrogate on June 24, 1960 and therein stated that decedent's estate did not exceed $1,500 and consisted of the following asset:
"Claim for Workmen's Compensation in the sum of $400.00."
With the filing of the consent of the other sister, Vera Cureton became entitled to the personal assets of the decedent without letters of administration in accordance with N.J.S. 3A:6-6.
Respondent challenges the legal standing of Vera Cureton to proceed with decedent's compensation claim on the ground that she is not the administratrix of the estate, and her right under N.J.S. 3A:6-6 to collect the personal assets of the *252 decedent is limited to $1,500, which sum would be exceeded by an award of 10% of total permanent disability. We find no difficulty with her right to proceed because N.J.S. 3A:6-6 gives her "all the rights, powers and duties of an administrator duly appointed for the estate." Since we find that this workmen's compensation claim has a value of less than $1,500, as we shall demonstrate hereafter, we need not pass upon the question of what her right would be if the value of the claim exceeded $1,500.
There is no assertion of any claim for temporary disability payments, since the decedent apparently received those benefits in his lifetime. If his permanent disability was 10% of total, as his physician estimated, he would have been entitled, if he had lived, to 55 weeks, N.J.S.A. 34:15-12(c) (22), at $34 weekly, based on his weekly wage of $55, N.J.S.A. 34:15-12(a), or a total of $1,870. If permanent disability was only 2 1/2% of total, as respondent's doctor estimated, the decedent would have received 13 3/4 weeks at $34 weekly, or a total of $467.50.
It is also the established rule that permanent disability payments commence upon termination of the temporary disability. N.J.S.A. 34:15-16; Coponi v. Federal Industries, 31 N.J. 1, 10 (1959). In this case, as noted above, temporary disability ended on June 29, 1959, so that 27 weeks elapsed between that date and January 4, 1960, when Robinson died.
The controlling statute is N.J.S.A. 34:15-12(e) which provides:
"In case of the death of the person from any cause other than the accident or occupational disease, during the period of payments for permanent injury, the remaining payments shall be paid to such of his or her dependents as are included in the provisions of said section 34:15-13 or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses; * * *."
We are not concerned here with the right of dependents to receive the disability payments which the *253 employee himself would have been entitled to receive if he had lived. Their right thereto is made clear by N.J.S.A. 34:15-12(e), supra, and our courts have enforced this right even where the employee died before an award was made in his favor. See Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939); King v. Western Electric Co., 122 N.J.L. 442, 449-450 (Sup. Ct. 1939), affirmed 124 N.J.L. 129 (E. & A. 1940); Russo v. Wright Aeronautical Corp., 25 N.J. Misc. 100, 51 A.2d 100 (Dept. Labor 1947), affirmed 137 N.J.L. 346 (Sup. Ct. 1948), affirmed 1 N.J. 417 (1949). Moreover, it has been held that the personal representative of the deceased employee may prosecute the claim petition for the benefit of the dependents of the decedent. Marrocco v. Allied Textile Printers, Inc., 21 N.J. Misc. 105, 31 A.2d 403 (C.P. 1943). See, too, N.J.S.A. 34:15-21.
Where there are no dependents, N.J.S.A. 34:15-12(e) specifically provides that "the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses." The County Court concluded that Robinson "died before permanent disability was decided, therefore, there are no remaining payments or amounts due." (Emphasis added) We have noted above that in the case of dependents, the obligation to make the "remaining payments" for permanent injury does not depend upon the rendition of an award before the employee dies. When the alternate situation exists and there are no dependents, the right to collect "the remaining amount due," not exceeding $400.00 for funeral expenses. similarly should not be made to rise or fall upon the mere happenstance of whether the injured employee's claim petition was decided before or after he died. N.J.S.A. 34:15-16 generally precludes determination of permanent disability for 26 weeks.
The petitioner argues that the accrued permanent disability compensation payments for the 27 weeks between the end of temporary disability and the date of Robinson's *254 death are payable to his representative exercising administrator's powers under N.J.S. 3A:6-6 and, in addition, permanent disability payments accruing after his death, not exceeding $400, are also payable for funeral expenses. N.J.S.A. 34:15-12(e) does not so provide and we have been referred to no case so holding under the circumstances before us. On the contrary, the statute limits recovery of the "remaining amount due" to the item of $400 for funeral expenses.
The rights created by this remedial legislation are intended to benefit the injured workman and his dependents, and to insure him a decent burial, if he has no dependents and dies before receiving the statutory payments. Next of kin, who are not dependents as defined in the statute, and creditors of the decedent are not the intended beneficiaries of workmen's compensation payments which an employer must make without regard to fault. Survival of the compensation right depends upon the statute and we are bound by the limitations therein.
Since the respondent concedes that the decedent's permanent disability was 2 1/2% of total and compensation due therefor would exceed $400, we see no need to remand the matter to the Division for a determination of the percentage of disability, in view of our conclusion that the respondent is obligated under N.J.S.A. 34:15-12(e) to pay not exceeding $400 in a lump sum "to the proper person for funeral expenses." We assume Vera Cureton, as representative of decedent's estate, is such a proper person in the absence of any evidence to the contrary.
The judgment of the Essex County Court is reversed and the matter is remanded to the Division for entry of a judgment in conformity with this opinion.