STATE OF MARYLAND, DEPARTMENT OF MOTOR
VEHICLES AND STATE ACCIDENT FUND *v.*
RICHARDSON, ADMRX., Etc.

[No. 140, September Term, 1963.]

*Decided February 17, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, MARBURY and SYBERT, JJ.

*Philip T. McCusker, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *J. Howard Holzer, Special Attorney,* on the brief, for appellant.

*C. John Serio,* for appellee.

SYBERT, J., delivered the opinion of the Court.

On August 6 1957 Earle S. Richardson suffered a severe injury to his foot which arose out of and in the course of his employment with the Department of Motor Vehicles. He filed a claim with the Workmen's Compensation Commission, and, after a hearing, was awarded temporary total disability from February 3 1958 to May 27 1959. On April 20 1961, while his claim for permanent partial disability was still pending, the claimant died of non-compensable causes not connected with the prior accident. The widow of the deceased claimant, individually, and the widow and son of the claimant, as administrators of his estate, were substituted as claimants in the proceedings to determine permanent partial disability. On October 9 1961 the Workmen's Compensation Commission found, after a hearing, that the original claimant had sustained a permanent partial disability resulting in 60% loss of the use of his left foot, and ordered that the compensation to which he would have been entitled, if living, be paid to his widow, as

the only surviving dependent of the deceased claimant, under Code (1957), Art. 101, Sec. 36(4) (c), *infra*. The employer and insurer appealed to the Baltimore City Court, where the award of the Commission was sustained, and they then appealed here.

The only question presented to this Court is whether the claim for permanent partial disability was abated by the death of the original claimant prior to the hearing thereon and the award by the Commission. This turns upon the interpretation to be given Sec. 36(4) (c), *supra*, which provides, in pertinent part:

> "If any employee dies from any cause or causes not compensable under this article, the right to any compensation payable under this subsection and subsections (3) and (5), unpaid at the date of his death, shall survive to his surviving dependents as the Commission may determine * * *" [Subsection (3) provides for compensation for permanent-partial disability.]

While the question raised here has never been ruled on by this Court, the courts of some other states have had the same problem presented to them under their workmen's compensation acts. Several cases have interpreted relevant statutory provisions to allow dependents or administrators of claimants to recover even though no award was made prior to the claimant's death. Recently, in the case of *Cureton v. Joma Plumbing & Heating Co.*, 176 A. 2d 799 (N. J. 1962), the Superior Court of New Jersey, Appellate Division, was faced with a problem similar to that before us, in interpreting N. J. S. A. 34:15-12(e), which provides, "In case of the death of the person from any cause other than the accident or occupational disease, during the period of payments for permanent injury, the remaining payments shall be paid to such of his or her dependents [as are covered by the statute] or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses". The Appellate Division held that "the right to collect 'the remaining amount due' * * * should not be made to rise or fall upon the mere happenstance of whether the injured employee's claim

petition was decided before or after he died" (p. 801). While this case involved the claim of an administrator, the claimant having died without dependents, the court stated that the right of dependents to payments which the claimant would have received had he lived, "does not depend upon the rendition of an award before the employee dies" (*ibid.*). However, since the claimant died without dependents, the Appellate Division only permitted the administrator to collect funeral expenses. On appeal, the Supreme Court of New Jersey reversed, allowing the administrator to collect the payments which the claimant would have been entitled to receive had he lived, though only the amount which would have accrued up to the date of the claimant's death. *Cureton v. Joma Plumbing & Heating Co.*, 184 A. 2d 644 (N. J. 1962). The Supreme Court of New Jersey reasoned (at p. 649), "The law regards done what ought to be done, and will not permit those who are obligated and should have paid the compensation to obtain advantage of the fortuitous circumstance of the workman's death. * * * Any other result would permit the employer or his insurance carrier to gain an undeserved windfall" and would put a premium upon delay. To the same effect is *Russo v. Wright Aeronautical Corporation*, 51 A. 2d 100 (N. J. 1947).

A like result was reached by the Supreme Court of New York, Appellate Division, in the case of *Snyder v. Wickwire Spencer Steel Co.*, 98 N. Y. S. 2d 1006 (N. Y. 1950), leave to appeal denied 95 N. E. 2d 59 (1950). The New York statute, Work. Comp. Law, Sec. 15, subd. 4, provides: "An award made a claimant under subdivision three [permanent partial disability] shall in case of death arising from causes other than the injury be payable to * * * [surviving wife and children]." This was interpreted by the Appellate Division to mean that "where an injured employee dies from causes unrelated to the accident which caused his injury an award for a schedule loss may be made after his death" (at p. 1007 of 98 N. Y. S. 2d).

In Wisconsin, a statutory provision establishing employer liability for permanent partial disability, Wis. St. 1923, § 102.09 (4)(b), was held in *City of Milwaukee v. Roth*, 201 N. W. 251 (Wis. 1924), to permit an award to the dependent widow after the death of the claimant. The Supreme Court of Wis-

consin concluded that "The award does not fix the right to, only determines, the amount of the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail" (at p. 252).

It should be noted that in the New Jersey and New York cases cited, the workmen's compensation acts there interpreted used terminology apparently indicating that they referred to the situation where an award had already been made, *viz.*, "remaining payments", "remaining amount due" (N. J. S. A. 34: 15-12(e)), and "an award made" (N. Y. Work. Comp. Law § 15, subd. 4). In spite of the phraseology, the courts upheld awards made after the death of the claimant.

Other cases have sustained awards made for permanent partial disability when the claimant died while the claim was still pending, not on the basis of any provisions in the workmen's compensation acts involved, but on the basis that the claim did not abate due to a general survival of actions statute. Such was the result in the case of *Greenwood v. Luby,* 135 Atl. 578 (Conn. 1926), where the Supreme Court of Errors of Connecticut held that the right to compensation vested in the claimant, and that when he died before an award could be made, his estate was entitled to receive the award in light of Gen. St. 1918, § 6177, which provided: "No cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person * * *." The same approach was used by the Supreme Court of North Carolina in *Inman v. Meares,* 101 S. E. 2d 692 (N. C. 1958), where a claim for compensation was held to survive to the claimant's personal representative when the claimant died after filing his claim but before an award was made. The holding was not based on the workmen's compensation law but upon the North Carolina general survival of actions statute, G. S. § 28-172.

Still other cases have refused to sustain a disability award made after the claimant's death even though a claim had been filed prior thereto. This was the result reached in *Heiselt Const. Co. v. Industrial Commission,* 197 Pac. 589 (Utah 1921). The majority of the Supreme Court of Utah held that when a claimant died of causes not connected with the com-

pensable injury his administrator was not entitled to the compensation, on the ground that the right to it did not vest in the employee immediately upon his injury and thus did not vest in his estate upon his death. Cf. *Pacific States Cast Iron Pipe Co. v. Industrial Com'n,* 218 P. 2d 970 (Utah 1950). Compensation was also denied in *Industrial Commission of Ohio v. Terrell,* 165 N. E. 536 (Ohio 1929). The Supreme Court of Ohio reversed the allowance of an award to a widow where the claimant had died from causes not connected with his injury, before an award was made but after a claim had been filed. The pertinent statute, Ohio Gen. Code § 1465-83, provided: "In all cases of death from causes other than the injury for which award had theretofore been made * * * in which there remains an unpaid balance, representing payments accrued and due decedent at the time of his death, the commission * * * [shall] award or pay * * *". The court held that since the statute only authorized the commission to act upon an award "theretofore" made and "accrued and due", it did not permit payment when no award had been made at the time of the claimant's death. The Ohio statute, of course, differs in the respects mentioned from the Maryland Act.

While there is a conflict of authority in the cases, we feel constrained, in view of the phraseology of Sec. 36(4)(c) of the Maryland statute, to follow the reasoning of those cases which sustained awards made when the claimant had filed a claim but died from other non-compensable causes before a hearing could be held. As did the New Jersey court with respect to the statute interpreted in *Cureton v. Joma Plumbing & Heating Co., supra,* we believe that the Legislature did not intend to condition the right to an award under Sec. 36(4)(c) "upon the mere happenstance of whether the injured employee's claim petition was decided before or after he died." The wording of our statute does not support an inference that it was intended to make the survival of benefits depend upon the condition of the Commission's hearing docket, or its promptness in concluding cases. These are matters which the Commission may not be able to control, and which the injured employee surely cannot. The dependents of the deceased claimant should not be

penalized on the basis of whether or not the Commission has been able to hold a hearing and make an award before the claimant's death.

In *City of Milwaukee v. Roth, supra,* it was stated the right to compensation is not fixed by the award but by the statute, the award only determining the amount. We agree, and feel that under Sec. 36(4)(c) it is the "right" to compensation which survives in favor of dependents. It is significant that our Legislature did not include a positive provision terminating the right to compensation if an award is not made before death. Nor did the Legislature say "the right to any compensation *awarded*", but said "payable". We believe that "payable" is not limited to mean payable because of an award, but instead means legally payable under the Act due to the occurrence of a compensable injury resulting in permanent partial disability. As soon as an employee sustains an injury arising out of and in the course of his employment for which our statute authorizes compensation, such is "payable" within the meaning of Sec. 36(4)(c). Any other construction would be harsh and unreasonable, and this Court has said that "the purpose of the whole act must be borne in mind, and such construction be given as will effectuate the intent and spirit of the act, unless that construction is plainly denied by the language used," *Monumental Printing Co. v. Edell,* 163 Md. 551, 555, 164 Atl. 171 (1933). See also *Rumple v. Henry H. Meyer Co., Inc.,* 208 Md. 350, 360, 118 A. 2d 486 (1955); *Larkin v. Smith,* 183 Md. 274, 282, 37 A. 2d 340 (1944); Code (1957), Art. 101, Sec. 63.

The appellant relies upon *Gratz v. Bethlehem Steel Co.,* 162 Md. 33, 158 Atl. 30 (1932) and *Cambridge Mfg. Co. v. Johnson,* 160 Md. 248, 153 Atl. 283 (1931). However, neither of those cases dealt with the precise problem of whether an award can be made under Art. 101, Sec. 36(4)(c) to the dependents of a claimant after his death. The *Gratz* case raised the question whether a widow could collect her deceased husband's remaining permanent partial disability payments when she had already been awarded compensation for his death. The injury which caused the husband's death was the same as that which gave rise to the claim for disability payments, and this Court refused to allow a double recovery. Thus, this case is distin-

guishable. In the *Cambridge Mfg. Co.* case it was held that the right to compensation for total disability did not survive the death of the claimant in view of the fact that the statute expressly provided only for the survival of the right to compensation for permanent partial disability. We think that the Court's discussion of the problem lends some support to the proposition that the *right* to compensation in the latter situation survives to dependents, regardless of whether the award was made before the claimant's death or not.

The appellant also contends that no award could be made in the instant case since there was "no interrogation of the claimant, no cross-examination, no observation of him by the Commission, in truth, no way to fairly and accurately evaluate his disability". While some cases might present a difficulty as to whether proof would be adequate, here we do not have that problem. The claimant, prior to his death, had filed a claim describing his injuries and disability, and he had been examined and the extent of his disability rated by doctors; hospital records were available, and the Commission had the benefit of evidence introduced at the prior hearing to determine temporary total disability from the same accident, at which time there was opportunity for cross-examination of the claimant. This, plus the testimony of the claimant's widow and son as to dependency and earning capacity, were sufficient to enable the Commission to make an intelligent award.

We therefore hold that the lower court properly sustained the Commission's award to the widow as surviving dependent under Art. 101, Sec. 36(4)(c).

*Judgment affirmed; appellant to pay the costs.*