416 P.2d 1018

**John O. REED, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and E. L. Webb Construction and Centron Construction Company, Respondents.**

**1 CA–IC 62.**

Court of Appeals of Arizona.

July 25, 1966.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner. .

Jennings, Strouss, Salmon & Trask, by John S. Hobbs, Phoenix, for respondents.

STEVENS, Chief Judge.

This is an appeal by writ of certiorari from a Decision of the Industrial Commission issued July 8, 1965.

The petitioner, John O. Reed, was 59 years old, and was working as a carpenter when he was injured in an industrial accident on December 6, 1962. He tripped over concrete reinforcing wire while working, and fell forward, striking on his face, and injuring his face, neck and hand. Petitioner was treated by his physician two days later, on December 8, 1962, and X-Rays were made on that day which showed osteoarthritic changes "of long duration", but no objective injury to the boney structure. Petitioner did not respond to treatment, and was hospitalized on January 28, 1963. During his hospitalization, on February 4, 1963, he was seen in consultation by Dr. Lofdahl, who diagnosed petitioner's condition as being an exacerbation of an old injury which occurred in an industrial accident in 1955. He recommended conservative treatment to be carried out in the petitioner's home, and specifically prescribed against cervical traction or cer-

vical support. Two days later petitioner's attending physician filed his monthly report stating that X-Rays taken at the hospital revealed a probable fracture of one of the boney bridges as a result of the accident. The petitioner was discharged from the hospital February 10, 1963.

Petitioner continued to experience symptoms, and at the request of his attending physician he was seen by a consultation board on April 24, 1963. The consultation report indicates that the board had before it the record of the petitioner's 1955 injury and claim, including a psychiatric report made by Dr. McGrath at that time. These records are not before this court, and are not in evidence in this claim.: They are mentioned here because the medical consultants on the board testified: at the hearings that they relied heavily: upon Dr. McGrath's 1955 report in reaching their conclusions and recommendations in 1963, which were that all medical treatment of petitioner should be discontinued, that he be instructed to increase his exercise, and that he be discharged without any permanent disability attributable to the industrial injury. Petitioner was discharged as an industrial case April 26, 1963, even though his physician continued to treat him and prescribe for him several months after that date. Petitioner was awarded temporary benefits through April 26, 1963.

Two hearings were held following the Award for temporary compensation, in September 1963 and March 1964. The Referee's Report was not made until over one year following the last hearing, in May, 1965, and the Commission's Decision did not issue until July 1965.

The question before the court is whether the Findings and Award of the Commission are supported by the evidence.

The Commission made seven findings, the first of which was:

"1. Medical evidence adduced at both hearings established that applicant had fully recovered from any disabling injury."

The other six findings are not pertinent to a determination of this case. Under the heading "ORDER", the Commission states:

"1. Applicant has no physical or mental disability attributable to the stated industrial episode of December 6, 1962."

"2. If applicant has any disabilities, they are not related to the stated industrial episode of December 6, 1962."

The "ORDER" then affirmed the Findings and Award of 1963 for temporary compensation through April 1963 only.

■ We have carefully examined the evidence before the Commission, and it is the opinion of this Court that the Findings and Award are not supported by the evidence.

The report of the consultation board and the testimony of the consulting doctors interpreting it, clearly indicates that the board concluded that the petitioner had a mentally oriented disability. At no time did they suggest that the petitioner's condition was stationary. Their conclusion that medical treatment of the petitioner should be stopped and that he should be discharged with a "no permanent disability" rating with the recommendation that he increase his activities and return to work was in the nature of a psychological incentive we have termed "work therapy". Those doctors who testified admitted they had relied heavily upon the psychiatric report on the petitioner made following an industrial injury in 1955. As was stated, that report is not in evidence in this claim. According to the doctors, the 1955 injury was identical with the injury of 1962, and in their opinion the petitioner's reaction to the second injury followed the same "pattern" as his reaction to the first. From this coincidence, they testified that they concluded that petitioner would return to work if his compensation were terminated.

The fallacy of that conclusion has been shown by the facts presented on this appeal four years after the 1962 accidental injury, and three years after the consultation board's report. The petitioner testified at the hearing (a year following the report) that he had not worked since the accident and was unable to work, or to move about, because of his discomfort and pain. He testified that after his recovery from the 1955 injury, his symptoms had abated, so that he was able to work continuously until he was injured in 1962. Petitioner's testimony that he was unable to work following the 1962 injury was uncontroverted.

■ The Commission has no right to disregard the testimony of an interested witness unless the testimony has been impeached or contradicted or the circumstances are such as to cast doubt upon its credibility. Dabbs v. Industrial Commission, 2 Ariz.App. 598, 411 P.2d 36 (1966). The doctors were testifying on the basis of an examination they had made a year prior to the date of the hearing. They had decided at that time that if the man were not compensated, his symptoms would disappear and he would return to work. On the days the doctors were so testifying, the petitioner testified without controversion that he was not then able to work, and had not been able to work since his 1962 injury. This was true, he stated, even though he had not been receiving compensation or any other benefits, payments, or such, since April 1963, but was being forced to use his life savings for money on which to exist. The premises on which the doctors based their conclusion, e. g., that the pattern in the first injury would repeat itself and petitioner would return to work, was not correct.

The record is replete with evidence that the petitioner continued to suffer a physical disability as a result of his industrial injury in 1962, after his compensation was terminated in April 1963. The finding of the Commission that petitioner had "fully recovered from any disabling injury" is not supported by the evidence.

The Award is set aside.

CAMERON and DONOFRIO, JJ., concur.