454 P.2d 157

**Blanche May REED, Administratrix, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Commission,**

**E. L. Webb Construction and Cetron Construction Company, Respondent Employers,**

**Industrial Indemnity Company, Respondent Insurance Carrier.**

**No. 9519–PR.**

Supreme Court of Arizona.

In Banc.

May 5, 1969.

Rehearing Denied June 3, 1969.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent, The Industrial Commission of Arizona.

Jennings, Strouss, Salmon & Trask, by William R. Jones, Jr., and Gary L. Stuart, Phoenix, for respondents, Employer and Insurance Carrier.

LOCKWOOD, Vice Chief Justice:

The preliminary facts of this case are exhaustively set forth in Reed v. Industrial Commission, 3 Ariz.App. 597, 416 P.2d 1018 (1966). They will not be repeated except insofar as is necessary to a determination of the questions presented herein.

John O. Reed suffered injury to his face, neck and hand when he tripped over concrete reinforcing wire while working on December 6, 1962. An Award was made by the Industrial Commission dated June 5, 1963, which stated the findings of the Commission that John Reed had sustained a personal injury by accident arising out of and in the course of his employment; that John Reed was entitled to accident benefits until April 26, 1963; that his average monthly wage prior to the injury was $396.02; and that John Reed was entitled to compensation for temporary disability benefits from December 8, 1962 through December 28, 1962, and from January 28, 1963 through April 26, 1963. The last finding of the Commission was that "The medical evidence reflects that [John Reed] has no physical disability resulting from said accident." The award of the Commission was for accident benefits through April 26, 1963 and for temporary disability benefits through April 26, 1963.

The Court of Appeals, in Reed v. Industrial Commission, *supra,* set aside the above award of the Commission because the finding of the Commission that John Reed had "fully recovered from any disabling injury" was not supported by the evidence. 3 Ariz. App. at 599, 416 P.2d at 1020. That decision of the Court of Appeals was rendered July 25, 1966.

On September 27, 1966, pursuant to the mandate of the Court of Appeals, the Commission vacated all orders denying compensation and accident benefits, and ordered that an award be made for "Accident benefits, and compensation as indicated." The Commission set the matter for a hearing on November 21, 1966. At the close of the hearing, at which John Reed testified, counsel for the employer and insurance

carrier requested a medical consultation board.

On December 16, 1966, the medical consultation board met with John Reed, made its investigation, and its report was received into the record. A rehearing was scheduled for March 3, 1967, for purposes of allowing cross-examination of the consulting doctors, but the doctors failed to appear because the Commission failed to either subpeona or otherwise arrange to have them present for the hearing. The hearing was then rescheduled for April 13, 1967. Before that hearing could be had, John O. Reed died on March 23, 1967, of causes not related to his industrial injury.

After John Reed's death, his wife, Blanche May Reed (hereinafter referred to as petitioner) qualified as personal representative of his estate. On August 14, 1967, the probate court entered a decree assigning the entire estate of John Reed to petitioner as his surviving spouse. A.R.S. § 14–517. The decree expressly included the claim before the Commission.

In its Findings and Award dated September 19, 1967, the Commission pursuant to Rule 33, Rules of Procedure before the Industrial Commission, 16 A.R.S., admitted petitioner (as administratrix with will annexed to the estate of John O. Reed) as an interested party to the claim. The Commission found that "The estate of John O. Reed, deceased, [was] not entitled to compensation," but that it was entitled to "be reimbursed for such medical debts and medical payments made by the deceased during his lifetime between July 1963, and December 16, 1966, for treatment of any condition directly and causally related to the industrial episode of December 6, 1962."

In its order, dated January 31, 1968, the Commission denied rehearing and affirmed the Findings and Award of September 19, 1967. The Commission also determined that petitioner, in her individual capacity and as distributee of John Reed's estate, did not have standing as a party in interest to the claim and did not qualify to receive any compensation or benefits thereunder.

The matter was again brought to the Court of Appeals by writ of certiorari. The opinion of the Court of Appeals raised and answered three questions. The first question propounded was whether the widow had standing to collect either compensation or accident benefits from the Commission. The Court denied her standing as assignee of the estate but affirmed her standing as administratrix of decedent's estate. A.R.S. § 23–1068, subsec. B. We agree that petitioner had standing as administratrix to be joined as an interested party. We find it unnecessary to decide whether she was entitled to standing as distributee of the estate, because petitioner was allowed to reapply for letters of administration and was substituted in this action in her representative capacity. The question as to her standing as distributee would therefore be moot.

The second question answered by the Court of Appeals was whether accident benefits survived the death of the injured employee. The opinion, citing Paramount Pictures, Inc. v. Industrial Commission, 56 Ariz. 217, 106 P.2d 1024 (1940), held that accident benefits did survive the death of an injured employee. We believe that the question was properly answered.

The last question raised by the Court of Appeals, with which we are most concerned, is whether the right to compensation benefits survives the employee's death where such benefits have not been reduced to a final award prior to the employee's death. The Court of Appeals, following this Court's pronouncements in Stallard v. Industrial Commission, 76 Ariz. 180, 261 P.2d 995 (1953) held that unless the award was in existence as of the time of the employee's death, no rights to compensation survived which could be collected by the personal representative.

The Stallard case, *supra*, based its decision on the interpretation of § 56–962 A.C.A.1939 as amended 1952, which read as follows:

"Compensation, whether determined or not, shall not, prior to the delivery of the

warrant therefor, be assignable. It shall be exempt from attachment, garnishment, and execution, and shall not pass to another person by operation of law, except that the amount of compensation *payable to a person at the time of his death pursuant to an award of the commission,* whether payable in periodic payments or converted to a lump sum, and whether or not the warrant therefor has been issued or delivered, shall, after his death, be paid to his personal representative. \* \* \*" (Emphasis added.)[1]

The Court in Stallard interpreted the emphasized wording of the above statute to mean that the award must be in existence as of the time of the employee's death and concluded that:

"If there was no award of the commission at the time of the death of the deceased fixing his compensation, then his personal representative does not come within the provisions of the statute as amended." 76 Ariz. at 182, 261 P.2d at 997.

The facts of the case at bar raise serious doubts as to the correctness of the above interpretation of the statute. The facts of the present case have been set out chronologically according to the dates at which various stages of the compensation process took place. As indicated above, the original injury complained of took place in December of 1962. Hearings were still being conducted by the Commission to determine the rights of the injured employee as late as March of 1967 when the employee died.

In State, Dept. of Motor Vehicles v. Richardson, 233 Md. 534, 197 A.2d 428 (1964), the question presented was whether the claim for permanent partial disability was abated by the death of the original claimant prior to the hearing thereon and the award by the Commission. The Court discussed cases from other states which had interpreted relevant statutory provisions to determine whether administrators of claimants could recover even though no award was made prior to the claimant's death. The following quotations and citations from the case are pertinent to the present issue:

"It should be noted that in the New Jersey and New York cases cited, the workmen's compensation acts there interpreted used terminology apparently indicating that they referred to the situation where an award had already been made, *viz.*, 'remaining payments', 'remaining amount due' (N.J.S.A. 34:15–12 (e)), and 'an award made' (N.Y.Work. Comp.Law § 15, subd. 4). In spite of the phraseology, the courts upheld awards made after the death of the claimant. 197 A.2d at 430. (Citing Cureton v. Joma Plumbing & Heating Co., 38 N.J. 326, 184 A.2d 644 (1962); Snyder v. Wickwire Spencer Steel Co., 277 App.Div. 233, 98 N.Y.S.2d 1006 (1950).)

"In Wisconsin, a statutory provision establishing employer liability for permanent partial disability, Wis.St.1923, § 102.09(4) (b), was held in City of Milwaukee v. Roth, 185 Wis. 307, 201 N.W. 251 (Wis.1924), to permit an award to the dependent widow after the death of the claimant. The Supreme Court of Wisconsin concluded that 'The award does not fix the right to, only determines, the amount of the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail.'" 197 A.2d at 430.

"Other cases have sustained awards made for permanent partial disability when the claimant died while the claim was still pending, not on the basis of any provisions in the workmen's compensation acts involved, but on the basis that the claim did not abate due to a general survival of actions statute." 197 A.2d at 430. (Citing Greenwood v. Luby, 105

---

1. Section 56–962 is substantially the same as A.R.S. § 23–1068, subsec. B. We note that the latter was amended effective January 1, 1969, to eliminate the words "pursuant to an award of the commission".

Conn. 398, 135 A. 578, 51 A.L.R. 1443 (1926); Inman v. Meares, 247 N.C. 661, 101 S.E.2d 692 (1958).)

In Cureton v. Joma Plumbing & Heating Co., 71 N.J.Super. 249, 176 A.2d 799 (1962), the Superior Court of New Jersey, Appellate Division, was faced with a problem comparable to that before this Court. That court held that "the right to collect 'the remaining amount due' * * * should not be made to rise or fall upon the mere happenstance of whether the injured employee's claim petition was decided before or after he died" (176 A.2d at 801). The Supreme Court of New Jersey, on reviewing the same case, 38 N.J. 326, 184 A.2d 644, 649 (1962) reasoned that "The law regards done what ought to be done, and will not permit those who are obligated and should have .paid the compensation to obtain advantage of the fortuitous circumstance of the workman's death. * * * Any other result would permit the employer or his insurance carrier to gain an undeserved windfall." See also Russo v. Wright Aeronautical Corporation, 25 N.J.Misc. 109, 51 A.2d 100 (1947).

In Greenwood v. Luby, 105 Conn. 398, 135 A. 578, 51 A.L.R. 1443 (1926), a workman had suffered an industrially related injury. He filed for workmen's compensation benefits and died pending an award by the Commission. The question presented was whether the award could be made after death for benefits which would have accrued up to the time of death. In discussing the Connecticut Statute that court stated that:

"The right arises by operation of law as soon as the incapacity exists, and it continues during the incapacity of the employee and only ends with his decease. If the award has been made, the accrued portion of it remaining unpaid belongs to his estate in accordance with the decisions quoted. If the right to compensation has accrued, it belongs to the employee, and his right to it survives to his estate, under General Statutes, § 6177,

which provides: 'No cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent.'" 135 A. at 578, 579.

The Connecticut Court discussed Burns' Case, 218 Mass. 8, 105 N.E. 601, Ann.Cas. 1916A. 787, 5 N.C.C.A. 635, and Murphy's Case, 224 Mass. 592, 113 N.E. 283, concluding that those cases established the proposition that compensation may be awarded after the decease of an employee for incapacity during the period preceding his decease, and that it makes no difference whether the award be made in his lifetime or after his decease.

In the Murphy case, *supra,* the award was made after the beneficiary's death and included compensation which had accrued up to the time of death as well as compensation which was scheduled to accrue after death. The award was set aside by the Court of Appeals, not because it was rendered after death, but because it included benefits that were scheduled to accrue after death.

■ We are constrained to note that the Utah Court, in Heiselt Const. Co. v. Industrial Commission, 58 Utah 59, 197 P. 589, 15 A.L.R. 799 (1921), held that when a claimant died of causes not connected with the compensable injury prior to an award therefor, his administrator was not entitled to the compensation, on the ground that the right to it did not vest in the employee immediately upon his injury and thus did not vest in his estate upon his death. See also Industrial Commission of Ohio v. Terrell, 120 Ohio St. 59, 165 N.E. 536 (1929). In spite of these conflicting authorities, we feel that the better reasoning would allow a compensation award to be made after death. We agree with the Maryland

Court in State, Dept. of Motor Vehicles v. Richardson, *supra*, that:

"The wording of our statute does not support an inference that it was intended to make the survival of benefits depend upon the condition of the Commission's hearing docket, or its promptness in concluding cases. These are matters which the Commission may not be able to control, and which the injured employee surely cannot." 197 A.2d at 431.

We are committed to construing workmen's compensation statutes liberally in favor of an injured employee.

"Where there is a doubt as to the construction, that construction should be adopted which will best effect its purpose of compensating the injured employee for his loss of earning power." English v. Industrial Commission, 73 Ariz. 86, 89, 237 P.2d 815, 817 (1951).

■ We agree with Greenwood v. Luby, *supra*, that the claim for compensation does not abate at death by reason of our survival of action statute, A.R.S. § 14–477 which states that:

"Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed."

In the case at bar, the Court of Appeals allowed petitioner to be substituted in her representative capacity. A.R.S. § 14–477,

*supra*, allows the representative to pursue claims for compensation that the injured employee could have pursued had he lived.

It is our opinion that it is immaterial whether a workmen's compensation award is made before or after the death of the claimant. Stallard v. Industrial Commission, *supra*, is hereby expressly overruled to the extent that it requires an award to be in existence as of the time of death.

■ Since we consider an award made after death of an injured employee as effective as an award made prior to his death, we feel that Parker v. Walgreen Drug Co., 63 Ariz. 374, 162 P.2d 427 (1945) is controlling. The Parker case, involving an award made prior to death, held that the personal representative was entitled to collect scheduled disability benefits which had accrued before the workman's death and remained unpaid, as well as unaccrued portions which were to be paid after the time of death. The court further stated that:

"In the case of unscheduled injuries for loss of wages, payments for which terminate at death, the amount passing to the personal representative would be only the sum accrued and unpaid at date of death. If such an award has been commuted and the commutation award has become final before death of the injured employee but is unpaid the converted lump sum is payable to the representative." 63 Ariz. at 379, 162 P.2d at 429.

The decision of the Court of Appeals is hereby vacated and the award of the Commission denying compensation is vacated and remanded to the Commission for further proceedings not inconsistent with this opinion.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.