[Civil No. 4816. Filed October 15, 1945.]

[162 Pac. (2d) 427.]

ALMA ESTES PARKER, as Administratrix of the Estate of Clyde Doc Estes, Deceased, Applicant, v. Walgreen Drug Company, Defendant Employer, and THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier.

Mr. Sam J. Head and Mr. Leo T. Stack, for Applicant.

Mr. H. S. McCluskey, and Mr. David P. Jones of Counsel, for Respondent, The Industrial Commission of Arizona.

Messrs. Ellinwood & Ross, and Mr. William A. Evans, *Amicus Curiae.*

STANFORD, C. J.—On May 9, 1943, Clyde Doc Estes was injured by accident arising out of and in

the course of his employment by the Walgreen Drug Company at Prescott, Arizona. On December 1, 1944, an award was made in his favor for temporary total disability in the sum of $2,007.75, all of which has been paid, together with an additional award for permanent partial disability for injury scheduled under Sec. 56–957(b), subsections 15 and 21, equal to 55% loss of function of the left leg, in the amount of $93.75 monthly for a period of 27½ months, the first payment to be made on December 28, 1944.

Estes died on January 5, 1945, from causes other than his injury. His death occurred before any payments were made under the award last above mentioned.

Thereafter the Industrial Commission tendered to Alma Estes Parker, the administratrix of the estate of Clyde Doc Estes, the sum of $115.16 as the amount accrued under the award between the date thereof and date of death, and as being the sole amount payable. Said tender was refused, and the applicant filed her petition with the Industrial Commission to receive for the benefit of the estate the total amount awarded for permanent partial disability, or $93.75 per month for 27½ months, or the present worth of said award commuted under the standard rules of the commission in reference thereto. Said petition was denied. Thereupon the applicant filed her petition for writ of *certiorari* in this court.

Applicant contends that the rights of the petitioner, as personal representative, to receive future payments under the award, or their commuted value is given by the 1941 amendment to Sec. 56–962, Arizona Code Annotated 1939, Laws 1941, c. 30. Prior to the amendment Sec. 56–962 read as follows:

"*Compensation not assignable—Exempt from levy—Payment to non-residents.*—Compensation, whether determined or not, shall not, prior to the delivery of the

warrant therefor, be assignable; it shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law; however, payment to the consular agent, or his representative, of the nation of which a dependent is a resident or subject, of compensation due such dependent residing outside of the United States, any power of attorney to receive or receipt for the same to the contrary notwithstanding, shall be a full discharge of the benefits or compensation, as if made directly to the beneficiary.''

The amendment to the same, Chapter 30 of our session laws of 1941 has the heading of

''An Act Relating to Workmen's Compensation; Prohibiting the Assignment or Attachment of Compensation or Payment to Another, Except a Personal Representative or Consular Agent, and Amending Section 56–962, Arizona Code of 1939.''

The amendment, following the words ''operation of law,'' is as follows:

'' . . . except that the amount of compensation payable to a person at the time of his death pursuant to an award of the commission, whether payable in periodic payments or converted to a lump sum, and whether or not the warrant therefor has been issued or delivered, shall, after his death, be paid to his personal representative. . . . ''

In the applicant's petition for a writ of *certiorari* are the following representations:

''1. The payment of compensation in the instant case is not controlled by Section 56–957(b), or any subsection thereof, because said Section constituted the basis of the primary award of·December 1, 1944, the Commission had exhausted its rights and fully performed its duties thereunder, and the right to receive the compensation thereby awarded was a vested right in Clyde Doc Estes, applicant's intestate, during his lifetime;

''2. The right to receive payment under the award of December 1, 1944, did not terminate on January 4, 1945, with the death of said Clyde Doc Estes, and has

not yet terminated, but survives for the benefit of his personal representative under the express provisions of Section 56–962, Arizona Code 1939, as amended by Chapter 30, Laws of Arizona 1941;

"3. That Section 56–962, Arizona Code 1939, as amended by Chapter 30, Laws of Arizona 1941, has direct application to the right of applicant, as the personal representative of the deceased claimant, to receive the amount awarded by the Commission for permanent partial disability under its award of December 1, 1944, and is not confined to such portion thereof as may have accrued between the date of said award and the date of the death of said claimant;

"4. That under Section 56–962, Arizona Code 1939, as amended by Chapter 30, Laws of Arizona 1941, properly construed, an award of compensation fixed and ascertainable in amount survives the deceased injured workman and does not abate at his death."

As stated by the applicant,

"The single question of law presented for decision may be stated as follows: In view of the 1941 amendment of Sec. 56–962, did the unaccrued portion of the award of permanent partial disability of December 1, 1944, abate at the death of Estes, or does the whole award survive for the benefit of his Estate?"

It is the contention of the respondent and *amicus curiae* that the cases of *Sorenson* v. *Six Companies, Inc.*, 53 Ariz. 83, 85 Pac. (2d) 980, and *Paramount Pictures, Inc.*, v. *Industrial Commission*, 56 Ariz. 217, 106 Pac. (2d) 1024, control in this case, but those cases were decided prior to this amendment. In the two cases last above cited this court held that the right to recover an award did not survive the death of the workman.

As the law then stood, no other decision could have been possible since all compensation, whether for scheduled injuries or for loss of wages, by the terms of the statute, could "not pass to another person by operation of law."

The injury in the case was for the loss of a stated percentage of the use of a leg, and therefore belonged to the "schedule" category and is capable of exact calculation. Also the commuted value is capable of such calculation, coming under Sec. 56-957(b) of our code.

In our case of *Kennecott Copper Corporation* v. *Industrial Comm.*, 158 Pac. (2d) 887, 891, we said:

"In order that the reference in this paragraph to subsection (b) be not confusing, it may be well to state that under (b) there are listed certain disabilities which shall be deemed permanent partial disabilities requiring the payment of 55% of the average monthly wage of the injured employee. Thus for the loss of a thumb, fifteen months are allowed; for the loss of a hand, fifty months, *et cetera*. The payments under (b) are compensation for the actual loss of a member, and have no relation to the ability of the employee to earn wages."

■ There seems to be nothing ambiguous or anomalous about the amendment as suggested by respondent. There appears to be no reason to resort to rules of construction as the amendment is clear and specific. We are, therefore, lead to quote the following paragraph from the case of *Garrison* v. *Luke,* 52 Ariz. 50, 78 Pac. (2d) 1120:

"If the language of a statute is plain and unambiguous, and can be given but one meaning which does not lead to an impossibility or absurdity such as cannot be contemplated the Legislature intended, the court will follow that meaning, even though the result may be, in the court's opinion, harsh, unjust, or a mistaken policy."

■ By virtue of the provisions of Sec. 56-957(b), the compensation, as we have already said, is not for loss of wages but for the complete or partial loss of a member of the body. When the award is made under this subsection, the injured employee has a vested right therein. Enjoyment of the benefits is only deferred through the provisions for monthly payments. The

amount is fixed and determined, not subject to change. Therefore, unpaid portions of the total award at the time of death is the amount payable under the terms of the amendment. In the case of unscheduled injuries for loss of wages, payments for which terminate at death, the amount passing to the personal representative would be only the sum accrued and unpaid at date of death. If such an award has been commuted and the commutation award has become final before death of the injured employee but is unpaid the converted lump sum is payable to the representative.

It is accordingly our order that the award made in this cause by the Industrial Commission be set aside.

LaPRADE and MORGAN, JJ., concurring.