261 P.2d 995

**STALLARD v. INDUSTRIAL COMMISSION.**

No. 5797.

Supreme Court of Arizona.

Oct. 19, 1953.

Henry S. McCluskey, Phoenix, for petitioner.

John R. Franks, Prescott, for respondent Industrial Commission, Robert E. Yount, Donald J. Morgan, and Robert K. Park, Phoenix, of counsel.

PHELPS, Justice.

This case comes to us on certiorari. The facts are that on March 10, 1952, Clarence F. Stallard who will hereinafter be referred to as deceased, sustained an injury by accident arising out of and in the course of his employment with Goettl Brothers. The employer was insured with the state fund. On April 3 following, the commission made its preliminary findings and award determining deceased was entitled to receive "accident benefits and compensation as indicated." No amount of compensation was fixed in said award.

On December 21, 1952, the commission made its findings and award fixing his compensation based on a partial temporary disability at 65 per cent of the difference between his average monthly wage prior to his injury and that which he may be able to earn, said partial temporary disability status was to begin after November 20, 1952. (The award of April 4, 1953, fixed the beginning date of partial tem-

porary disability as of November 21, 1952) and continue until further order of the commission. In said findings and award the commission ordered deceased to make an honest effort to procure light work of some kind, that he was physically able to perform.

On April 4, 1953, the commission made its findings and award definitely fixing the total amount of compensation to be paid deceased. From March 11, 1952 to November 20, 1952, it amounted to the sum of $1,270.75 for total temporary disability, and from November 21, 1952 to February 27, 1953, it was fixed in the sum of $460.35 for temporary partial disability, making a total of $1,731.10, all of which had been paid on that date except the sum of $41.85 which was made payable forthwith.

This was the first time the amount of the award to deceased had been definitely fixed by the commission. It erroneously failed to eliminate or amend finding No. 7 of the printed form used by it which stated that "the medical evidence reflects that said applicant has no physical disability resulting from said accident." Such finding was not supported by the evidence and was in fact contrary thereto.

Upon motion for rehearing the commission on April 25, 1953, corrected this finding in an amended findings and award and inserted in lieu thereof a statement of the medical board concerning the character of his injury. The commission then proceeded to find that deceased was discharged by his attending physician on February 21, 1953, with 20 per cent permanent partial disability of the left lower extremity and re-affirmed its award of $1,731.10 for temporary disability. It further found that deceased died on March 4, 1953, and concluded as a matter of law that deceased having died before an award had been made for permanent partial disability of 20 per cent of loss of use of the left leg, no benefits accrued to the deceased or to his personal representatives, by reason of the provisions of section 56–962, A.C.A. 1939, Cum.Supp.

Petitioner's wife, as personal representative of deceased, contends that the original findings and award of April 3, 1952, entitled the deceased to compensation of permanent partial disability of 20 per cent loss of the use of his left leg and assigns as error (1) the finding of the commission of April 4, 1953, that the medical evidence reflects deceased had no physical disability resulting from said accident for the reason that said finding is contrary to the evidence; (2) that the commission erred in denying payment of compensation for 20 per cent loss of use of deceased's left leg pursuant to the terms of its original decision of April 3, 1952; and (3) that the commission erred in entering its last finding:

"That as a matter of law no Award having been entered prior to the death of deceased, no right to permanent partial disability benefits accrued to deceased or to his personal representa-

tive, under the provisions of section 56–962 A.C.A. 1939 as amended."

We will first consider petitioner's assignment No. 3 as we believe that the solution of the issues raised therein will dispose of the other questions raised. Section 56–962 as amended, supra, upon which petitioner relies to sustain her position in so far as applicable to the fact situation in this case reads as follows:

*"Assignment of compensation or payment to another.* Compensation, whether determined or not, shall not, prior to the delivery of the warrant therefor, be assignable. It shall be exempt from attachment, garnishment, and execution, *and shall not pass to another person by operation of law, except that the amount of compensation payable to a person at the time of his death pursuant to an award of the commission, whether payable in periodic payments or converted to a lump sum, and whether or not the warrant therefor has been issued or delivered, shall, after his death, be paid to his personal representative.* \* \* \*" (Emphasis supplied.)

Prior to the amendment of section 56–962, supra, in 1941 no benefit accrued to the personal representative of a deceased person receiving compensation at his death. Parker v. Walgreen Drug Co., 63 Ariz. 374, 162 P.2d 427. We must therefore look to the amendment for the authority to sustain petitioner's claim. It expressly provides that the amount of compensation payable to a person at the time of his death must be *pursuant* to an award of the commission. If there was no award of the commission at the time of the death of the deceased fixing his compensation, then his personal representative does not come within the provisions of the statute as amended.

Although we do not agree with respondent's contention that the document bearing date April 3, 1952, entitled "Findings and Order" is in fact not an award but merely an order such as is contemplated under the provisions of section 56–914 A.C.A. 1939, we do agree that it is not such an award as will furnish a predicate for petitioner's claim. The findings and award of April 3, 1952, merely determined that deceased had been injured on March 10, 1952, by an accident arising out of and in the course of his employment and that he was entitled to accident benefits and to such compensation as may be determined by future developments.

The commission did not then know and could not have known that there would be a 20 per cent loss of use of deceased's left leg. It did not know and could not have ascertained from any source whatever whether deceased would suffer any residuary disability as a result of his injury and it was not until February 13, 1953, that the board of medical examiners were able to determine and did determine that deceased had suffered such disability. Its report was filed with the commission on February 17 and the commission made its findings and

award on April 4, following, which for the first time fixed the amount of compensation to which deceased was entitled for both temporary total disability and temporary partial disability. Until such amounts were determined and fixed by the commission with certainty or in terms capable of being rendered certain, there existed no basis for the determination of the amount of compensation to which deceased was entitled and consequently there existed no basis for the payment of any amount to his personal representative. Deceased had died on the previous March 4. At the time of the death of deceased there was no *amount of compensation payable to him pursuant to an award of the commission.* It follows that the conclusion of law reached by the commission that no benefits accrued to his personal representative was correct.

The erroneous finding of the commission that the medical evidence reflected that deceased had no disability resulting from such accident is immaterial under the circumstances. A proper finding, according to the evidence, could not have changed the ultimate result. There is no merit whatever to the contention that the original findings and award formed a basis for the payment of permanent partial disability of 20 per cent loss of use of deceased's left leg.

Award affirmed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.