447 P.2d 571

**Blanche May REED, Administratrix Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Commission, E. L. Webb Construction and Cetron Construction Company, Respondent Employers, Industrial Indemnity Company, Respondent Insurance Carrier.**

**No. 1 CA–IC 197.**

Court of Appeals of Arizona.

Dec. 2, 1968.

Rehearing Denied Jan. 2, 1969.

Review Granted Jan. 28, 1969.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Arthur B. Parsons, Jr., Phoenix, for respondent, The Industrial Commission.

Jennings, Strouss, Salmon & Trask, by William R. Jones, Jr., and Gary L. Stuart, Phoenix, for respondents employer and insurance carrier.

STEVENS, Judge.

During his lifetime, the claim of John O. Reed was presented to this Court and our opinion in connection therewith is reported in 3 Ariz.App. at page 597 and in 416 P.2d at page 1018. The opinion was rendered on 25 July, 1966. The opinion became final with the issuance of this Court's mandate on 11 August, 1966. Thereafter further proceedings were conducted before the Commission.

Before the issues were resolved by the Commission, Reed died of causes not related to the industrial accident. Mrs. Reed qualified as the personal representative of her husband's estate. Prior to the time that the Commission completed the processing of the claim, the Superior Court, in probate, assigned the entire estate of Reed to Mrs. Reed as his surviving spouse. A.R.S. § 14–517. The Commission denied any recovery to Mrs. Reed who brought the matter before this Court by writ of certiorari.

We are called upon to answer the following questions:

(1) Does a widow to whom the entire estate of her deceased injured husband has been assigned by the probate court have any standing to collect either compensation or accident benefits from The Industrial Commission?

(2) Do accident benefits survive the death of the injured workman?, and

(3) Does the entitlement to compensation which at the time of the non-industrially related death has not been reduced to a final award survive that death?

We need not repeat all of the recitations contained in our 1966 opinion. Reed was injured in an industrial accident on 6 December, 1962. He was awarded benefits

through 26 April, 1963 and denied further compensation by the finding of the Commission that Reed had "fully recovered from any disabling injury." Our 1966 review of the record convinced us of the error of the Commission's decision and we set aside the award. We now carry forward a brief history of this claim following the issuance of our mandate.

On 27 September, 1966, the Commission took the formal action necessary to vacate all of its actions which denied compensation and accident benefits to Reed from and after 26 April, 1963. By the same action the Commission specified, in part, as follows:

"Award is hereby made payable to said applicant by the above named insurance carrier as follows:

"1. Accident Benefits and Compensation as indicated."

Thereafter the referee conducted hearings relative to Reed's condition and that condition's causal relationship to the industrial accident. These matters were in issue as of the date of hearings so conducted. In our opinion this was the only appropriate procedure which the referee and the Commission could follow. By this statement they do not preclude the possibility of appropriate inquiry into the injured workman's disability status from time to time between the date of the injury and the date of the hearing.

The record discloses the following highlights in the chronology of events:

21 November, 1966—A hearing was conducted at which Reed testified. He testified that he had not been able to work since his injury. He testified that he had incurred and paid doctors' bills for his industrially related care and treatment presenting a number of receipts in connection therewith. He stated that he was drawing "disability" Social Security benefits. At the time of the hearing Mrs. Reed had recently become eligible for and was receiving Social Security benefits.

23 March, 1967—Reed died from causes which were not related to the industrial accident.

12 April, 1967—Mrs. Reed lodged with the Commission a formal request that she be joined as a party. Her request recited that she had petitioned the Superior Court for Letters of Administration.

13 April, 1967—A hearing was held at which two of the doctors who were members of the Consultation Board were examined. Further receipts representing payments by Reed in connection with his post injury care were presented to the Commission.

26 April, 1967—The probate court granted Mrs. Reed's petition for letters. The letters were issued on this date and were presented to the Commission on 5 May, 1967.

14 August, 1967—In the probate proceeding a decree was entered assigning the entire estate of Reed to Mrs. Reed as his surviving spouse. The decree expressly included the claim before the Commission.

19 September, 1967—On this date the next action was taken by the Commission, being entitled "Findings and Award". This action apparently disregarded the decree assigning the entire estate to Mrs. Reed. In the Findings and Award the Commission granted Mrs. Reed's request that she be admitted to the proceedings as an interested party in her capacity as administratrix. There was a finding as to the date of Reed's death with a further finding that the death was not industrially related. We quote the findings, in part, as follows:

"4. The estate of John O. Reed, Deceased, is not entitled to compensation.

"5. The estate of John O. Reed, Deceased, having been depleted by incurring of debts and/or paying for medical attendance from July, 1963 to December 16, 1966, his estate is entitled to reimbursement of such debts, and medical payments for treatment of any condition directly and causally related to the industrial episode of December 6, 1962."

We quote the award as follows:

"IT IS ORDERED that the Estate of John O. Reed, Deceased, be reimbursed for such medical debts and medical payments made by the deceased during his lifetime between July, 1963, and December 16, 1966, for treatment of any condition directly and causally related to the industrial episode of December 6, 1963."

31 January, 1968—Following the award of 19 September, 1967, procedural steps were taken before the Commission and on 31 January, 1968, the Commission entered its "Findings and Order Denying Rehearing". The Commission found that Mrs. Reed " * * * individually, and as Distributee of the Estate of John O. Reed, deceased * * * is not a party in interest in this claim * * *." By the same action, the award of 19 September, 1967 was affirmed.

### A.R.S. § 23–1068, subsec. B

This section was amended in 1941. Prior to its amendment it was a portion of § 1442 of the 1928 Arizona Revised Statutes and later a portion of § 56–962 of the 1939 Arizona Revised Code. Prior to the 1941 amendment, that portion of A.R.S. § 23–1068, subsec. B which was contained in the earlier Arizona Codes read as follows:

"Compensation * * * shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law * * *."

The following language was added by the 1941 amendment and is found in the 1952 Supp. to ACA § 56–962, as well as in the current A.R.S. § 23–1068, subsec. B:

" * * * except that the amount of compensation payable to a person at the time of death pursuant to an award of the commission, whether payable in periodic payments or converted to a lump sum, and whether or not the warrant therefor has been issued or delivered, shall, after his death, be paid to his personal representative."

### PRIOR CASE LAW

The Arizona case law which, in our opinion, is of greatest interest in connection with our decision relating to A.R.S. § 23–1068, subsec. B is found in the following cases: Sorenson v. Six Companies, Inc., a Corporation, and Industrial Commission of Arizona, 53 Ariz. 83, 85 P.2d 980 (1939); Paramount Pictures, Inc., etc. v. Industrial Commission et al., 56 Ariz. 217, 106 P.2d 1024 (1940); Parker v. Walgreen Drug Co., 63 Ariz. 374, 162 P.2d 427 (1945); Industrial Commission v. Oden, 68 Ariz. 234, 204 P.2d 849 (1949); and Stallard v. Industrial Commission, 76 Ariz. 180, 261 P.2d 995 (1953). In *Sorenson* we find statements of the character often found in other opinions of the Arizona Supreme Court and of this Court relative to the philosophies and purposes of workmen's compensation. The statements referred to are as follows:

"The act is highly remedial in its nature, and is to be construed liberally for the benefit of the injured workman and his dependents."

[page 89 of 53 Ariz., page 982 of 85 P. 2d.]

"Such being the case, the purpose to be accomplished by the compensation act is to provide for the injured employee, and those dependent upon him, a certain amount of compensation which is supposed to represent, in part at least, the wages which he would presumably have earned had he not been injured."

"That the compensation awarded is in lieu of lost wages and not as damages for pain, suffering and monetary loss * * *."

[page 90 of 53 Ariz., page 983 of 85 P. 2d.]

The same principle showing the intent to support not only the injured workman but also his family is found in *Oden* in which case the Arizona Supreme Court used equitable principles to make industrial compensation available for child support.

In *Sorenson* the Supreme Court did not base its decision alone upon the strict in-

terpretation of the language contained in the section in question before the amendment, but examined the full purposes of the act. The Court held that a scheduled award which had been commuted to a lump sum before the death of the injured workman and which was not paid before that death could not be collected by the administrator after death. One reason for the ruling was that there was really no entitlement to scheduled benefits until each installment would have accrued had there not been a commutation and had the injured workman survived.

In *Parker*, decided after the amendment, the Supreme Court held that the 1941 amendment was not ambiguous and that there was no need to resort to rules of statutory construction when the amendment was applied. The Court then held that after the amendment all scheduled payments, whether due or to become due after the death were payable to the estate. The Court further held on page 379 of 63 Ariz., on page 429 of 162 P.2d:

> "In the case of unscheduled injuries for loss of wages, payments for which terminate at death, the amount passing to the personal representative would be only the sum accrued and unpaid at date of death. If such an award has been commuted and the commutation award has become final before death of the injured employee but is unpaid the converted lump sum is payable to the representative."

In *Paramount* the injured workman won an award which was taken to the Supreme Court by writ of certiorari before it became final. He died pending the Supreme Court's consideration of the case. It should be pointed out that this was also a pre-amendment decision. The Court discussed the distinction between compensation and accident benefits. The Court held that accident benefits were not governed by the language of the then § 1442, 1928 RCA. The Court then held that the estate's entitlement to accident benefits survived the death. Based upon this holding the Su- ·

preme Court permitted the administrator to be substituted in a Supreme Court proceeding and affirmed that portion of the award allowing accident benefits but vacated that portion of the award allowing compensation.

*Stallard* is the case heavily relied upon by the respondents and vigorously attacked by the petitioner. Stallard was injured on 10 March, 1952. On 3 April following:

> "the commission made its preliminary findings and award determining deceased was entitled to receive 'accident benefits and compensation as indicated.' No amount of compensation was fixed in said award."

> [76 Ariz. at page 180, 261 P.2d at page 995]

Stallard died on 4 March, 1953. On 4 April following, the Commission entered an award for total temporary and partial temporary disability, all of which had been paid prior to the entry of the award, except for a small sum.

On 25 April, 1953, the Commission for the first time entered its determination that Stallard had sustained a 20% disability of a scheduled variety. Speaking of the 1941 amendment, the Arizona Supreme Court stated that:

> "It expressly provides that the amount of compensation payable to a person at the time of his death must be *pursuant* to an award of the commission. If there was no award of the commission at the time of the death of the deceased fixing his compensation, then his personal representative does not come within the provisions of the statute as amended."
> [76 Ariz. at page 182, 261 P.2d at page 997]

The Supreme Court discussed the 25 April, 1953 award stating that this award:

> "for the first time fixed the amount of compensation to which deceased was entitled for both temporary total disability and temporary partial disability. Until such amounts were determined and fixed by the commission with certainty or in

terms capable of being rendered certain, there existed no basis for the determination of the amount of compensation to which deceased was entitled and consequently there existed no basis for the payment of any amount to his personal representative. Deceased had died on the previous March 4. At the time of the death of deceased there was no amount of compensation payable to him pursuant to an award of the commission. It follows that the conclusion of law reached by the commission that no benefits accrued to his personal representative was correct."

[76 Ariz. at page 183, 261 P.2d at page 997]

## RIGHTS OF THE PETITIONER

The respondents urge before this Court that upon the entry of the decree assigning the entire estate to Mrs. Reed, there was no person entitled to pursue this claim and that the petition in the Court of Appeals should be dismissed. Mrs. Reed strenuously disagrees. A.R.S. § 23–1068, subsec. B provides that after death a claim shall "be paid to his personal representative". This language is clear. We have no difficulty seeing reasons for the wisdom of this statutory requirement. In our opinion, one reason is that The Industrial Commission has a specific person, in a representative capacity, to whom to make the payments and is not required to interpret the law with reference to the descent of the decedent's estate which is a proper function of the Superior Court sitting in probate. Finding No. 5 contained in the 19 September, 1967 award coupled with the evidence introduced at the hearings indicates that the estate has a claim for accident benefits. A substitution of the personal representative having been allowed by the Supreme Court in *Paramount,* the Court of Appeals permitted Mrs. Reed to again seek letters in probate between the time of the oral argument of this cause and the preparation of this opinion. These letters have been issued and we now substitute her in her representative capacity as the petitioner in the matter now before us. The amount of such entitlement and the causal relationship thereto in relation to the industrial incident are matters which still must be determined by the Commission.

The first question which we propound in this opinion relating to the right of a widow who is the assignee of the estate to collect benefits from the Commission is answered in the negative. The second question propounded relating to whether accident benefits survive the death is answered in the affirmative.

## THE CLAIM FOR COMPENSATION

The injury in this matter was of a non-scheduled classification. The petitioner does not seek to recover compensation for any period of time following Reed's death. The petitioner urges that the evidence discloses that Reed was entitled to compensation from the date his compensation was terminated, that is to say, from 26 April, 1963 to the date of his death on 23 March, 1967. As a predicate to our consideration of this contention, we express the opinion that had Reed survived, the evidence now before the Commission would have required a finding on the issues of the causal relationship between the industrial injury and Reed's condition up to the date of the last hearing, as well as the degree of disability, if any, resulting therefrom. We are not called upon to decide these issues and we expressly refrain from indicating our views as to the adequacy of the proof as to the causal relationship or the amount of entitlement arising therefrom.

This Court is mindful of the admonition of the Arizona Supreme Court in McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968). In our opinion the apparent holding in *Stallard* should be modified and we recognize that we do not have the authority to enter a modification. In our opinion Mrs. Reed had a community property interest in Reed's right to compensation, if the entitlement to compensation is established. The compensation would have been in lieu of Reed's wages and

Mrs. Reed had a community interest in his earnings.

In our opinion the language in the 1941 amendment using the words "compensation payable to a person at the time of death pursuant to an award of the commission" does not require that the award must have been entered and that it had become final before the death. This language requires that an award be entered before payment can be made. We recognize the problem where the disability does not cause a complete loss of earning capacity for it's possible that under those circumstances the Commission might not be able to establish the loss of earning capacity. In our opinion, if Reed was entitled to compensation from the date that his compensation was terminated, 26 April, 1963, to the date of his death on 23 March, 1967, and without which compensation the Commission found in the 19 September, 1967 award that his estate had "been depleted by incurring of debts and/or paying his medical attendance", a great injustice was done to Mrs. Reed by the postponement of the entry of an award until after the death of her husband, thereby depriving her of her right to his support through the payment of compensation.

In answering the third question propounded at the outset of this opinion relative to the right of the estate to collect compensation, it is our opinion that the same should be answered in the affirmative and that *Stallard* requires that we answer in the negative. The award of 31 January, 1968, is set aside insofar as it deprives the personal representative of Reed from receiving accident benefits and it is reluctantly affirmed insofar as it denies the personal representative of the right to have a proper determination as to the compensation, if any, to which Reed would have been entitled and which he would have received up to the date of his death, but for his death.

CAMERON, C. J., and DONOFRIO, J., concur.